7

## ORIGINAL

FILED

JUL 1 1996

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ZOLTEK CORPORATION,                )
                                   )
           Plaintiff,              )
                                   )        No. 96-166C
      v.                           )
                                   )   Chief Judge Loren A. Smith
THE UNITED STATES,                 )
                                   )
           Defendant.              )

### ANSWER

Defendant answers the averments made in the numbered paragraphs of the complaint filed on March 25, 1996, as follows:

1. Defendant admits the allegations contained in paragraph 1 of the complaint.

2. With respect to paragraph 2 of the complaint, defendant admits that plaintiff brought this action pursuant to 28 U.S.C. § 1498(a) and that § 1498(a) provides a basis for jurisdiction in the Court of Federal Claims. However, defendant denies any unlawful or unlicensed use or manufacture of an invention described in and covered by the patents in suit.

3. With respect to paragraph 3 of the complaint, defendant admits that U.S. Patent No. Re. 34,162 was issued on January 19, 1993, that George P. Boyd, Jr. was named as the inventor, and that a copy of this patent was attached to the complaint. However, defendant denies that this patent was duly and legally issued.

4. With respect to paragraph 4 of the complaint, defendant admits that U.S. Patent No. 4,728,395 was issued on March 1,

- 1 -

1988, that George P. Boyd, Jr. was named as the inventor, and that a copy of this patent was attached to the complaint. However, defendant denies that this patent was duly and legally issued.

5.   Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 5 of the complaint, and therefore denies the same.

6.   With respect to the first sentence of paragraph 6 of the complaint, defendant admits that the patents in suit are directed to methods of manufacturing carbon fiber sheet products and to carbon fiber sheet products made by particular processes, but denies that the patents in suit are directed to carbon fiber products regardless of how made.  With respect to the second sentence of paragraph 6, defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations, and therefore denies the same.

7.   With respect to the first sentence of paragraph 7 of the complaint, defendant denies the allegations, and specifically denies any use or manufacture of an invention described in and covered by either of the patents in suit.  With respect to the second sentence of paragraph 7 of the complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations, and therefore denies the same.

8.   With respect to paragraph 8 of the complaint, defendant denies that plaintiff is entitled to any compensation.  Defendant

- 2 -

is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in paragraph 8 of the complaint, and therefore denies the same.

## Affirmative Defenses

9.   U.S. Patent No. Re. 34,162 does not cover any product used or manufactured by or for defendant, or if it does, defendant has intervening rights pursuant to 35 U.S.C. § 252.

10.   U.S. Patent No. Re. 34,162 is invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 102 and/or § 103.

11.   U.S. Patent No. Re. 34,162 is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

12.   U.S. Patent No. 4,728,395 does not cover any product used or manufactured by or for defendant.

13.   U.S. Patent No. 4,728,395 is invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 102 and/or § 103.

14.   U.S. Patent No. 4,728,395 is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

15.   Answering further, defendant asserts any and all defenses which are presently unknown to defendant but which, when ascertained, defendant prays leave to assert.

WHEREFORE, defendant prays that the Court:

A.   Dismiss the complaint with prejudice and deny each demand for relief made by plaintiff;

B.   Adjudge U.S. Patent No. Re. 34,162 not infringed by or for defendant;

C.    Adjudge U.S. Patent No. Re. 34,162 invalid;

D.    Adjudge U.S. Patent No. 4,728,395 not infringed by or for defendant;

E.    Adjudge U.S. Patent No. 4,728,395 invalid;

F.    Award defendant costs and reasonable attorney fees and expenses; and

G.    Award defendant such other relief as is just and proper.

                              Respectfully submitted,

                              FRANK W. HUNGER
                              Assistant Attorney General

                              VITO J. DiPIETRO
                              Director

Dated: July 1, 1996

                              STEVEN M. AMUNDSON
                              Attorney
Of Counsel:                   Commercial Litigation Branch
                              Civil Division
THOMAS J. BYRNES              Department of Justice
Attorney                      Washington, D.C.  20530
Department of Justice         Telephone: (202) 307-0415

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 1996, the foregoing "Answer" was served on plaintiff, Zoltek Corporation, by mailing a true and correct copy, first class, postage prepaid, United States mail, to the following attorney of record for plaintiff:

Dean A. Monco, Esq.
Wood, Phillips, Van Santen,
  Clark & Mortimer
500 West Madison Street
Suite 3800
Chicago, Illinois  60611-2511

Attorneys for Plaintiff


STEVEN M. AMUNDSON
Telephone: (202) 307-0415