# EXHIBIT 3

JOSEPH F. COYNE, JR., CAL. BAR NO. 93707
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
Attorneys for Subpoenaed Party
NORTHROP GRUMMAN CORPORATION

FILED
CLERK, U.S. DISTRICT COURT
MAY 10 1999
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| IN RE<br><br>SUBPOENA OF ZOLTEK CORPORATION. | Case No. 99-04950 DDP (VAPx)<br><br>(1) **NORTHROP GRUMMAN CORPORATION'S NOTICE OF MOTION AND MOTION TO QUASH THE SUBPOENA OF ZOLTEK CORPORATION, ISSUED BY THIS COURT;**<br><br>(2) **MEMORANDUM OF POINTS AND AUTHORITIES; AND**<br><br>(3) **DECLARATION OF JOSEPH F. COYNE, JR.**<br><br>Date: 6-7-99<br>Time: 10:00 Am<br>Place: #3<br><br>[Zoltek Corporation v. The United States, Case No. 966-166C, pending in U.S. Court of Federal Claims] |

EXHIBIT 3
77

NOTICE OF MOTION TO QUASH SUBPOENA OF ZOLTEK CORPORATION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on 6-7-, 1999 at 10:00 A.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable #3, located at 312 North Spring Street, Los Angeles, California 90012, non-party Northrop Grumman Corporation ("Northrop") will bring on for hearing its Motion to Quash the Subpoena of Zoltek Corporation("Zoltek") pursuant to Federal Rule of Civil Procedure 45(c)(A)(iv), and 45 (c)(B)(i). Zoltek is a plaintiff in the lawsuit Zoltek Corporation v. United States, presently pending in the Court of Federal Claims, case No. 96-166C, and issued its subpoena in the United States District Court, Central District of California, Western Division for the production of documents and materials by Northrop. Northrop is not a party to the litigation pending between Zoltek and the United States in the Court of Federal Claims.

This Motion is made on the ground that the subpoena issued by Zoltek seeks information which subjects Northrop to undue burden by requiring disclosure of classified Government information and property. Specifically, the subpoena seeks Government classified documents and Government property, which Northrop has a duty to refrain from disclosing to persons except those who have security clearances. The Government has informed Northrop that Zoltek and its counsel do not have such clearances. In addition, the subpoena seeks information and materials that have already been requested of the Government. Accordingly, to protect Northrop from inadvertently disclosing classified information and Government property and unnecessarily responding to a subpoena that seeks duplicative documents or materials, this Court should quash the subpoena of Zoltek.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Joseph F. Coyne, Jr., all pleadings, records, and files herein, those matters of which the Court may take judicial notice, and upon such oral argument as may be made at the hearing on this Motion.

Dated: May 7, 1999

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By [signature]
JOSEPH F. COYNE, JR.
Attorneys for Third Party
NORTHROP GRUMMAN CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Northrop, a third party to a patent lawsuit between plaintiff Zoltek and the United States (the "Government"), seeks an order from this Court quashing the subpoena of Zoltek. As a threshold matter, the subpoena is invalid because it was issued by the wrong court. Putting this error aside, this Court's order is necessary to prevent Northrop from being unduly burdened by producing classified documents and Government property which Northrop has a duty to refrain from disclosing.

Northrop will be unduly burdened because the subpoena calls for the disclosure of sensitive and classified information and Government property relating to the B-2 Bomber. The B-2 Bomber program is a highly classified program. Northrop, as a government contractor, has a duty to maintain the confidentiality of classified information and Government property and may not disclose it to persons unless they also have proper security clearances. Zoltek and its attorneys lack this security clearance. In response to similar discovery requests in the Claims Court, the Government has objected to providing such information. Accordingly, Northrop should not be required to produce classified information and Government property, particularly in light of the Government's objections.

Moreover, the requested Government information and material may be subject to the state secrets privilege, which, when invoked, is absolute. The requested information and material is not even relevant to Zoltek's claim of patent infringement and is cumulative. For these reasons, Zoltek's discovery needs are clearly outweighed by the potential harm resulting if Northrop is forced to disclose classified information and Government property. Zoltek's subpoena, therefore, should be quashed.

## II.

## FACTUAL BACKGROUND

Northrop is a contractor for the construction of the B-2 Bomber, a highly classified Government program. (Coyne Decl., ¶ 2.) In that capacity, Northrop is the holder of classified information relating to the B-2 bomber and Government Property. (Id.) Northrop, as a Government contractor, has a duty to only disclose classified information to persons who have security clearances from the Government. (Id.)

On or about March 30, 1999, Zoltek caused to be issued a subpoena to Northrop. (Coyne Decl., ¶ 3 and Exhibit A thereto.) Zoltek's subpoena was issued by the United States District Court for the Central District of California, Western Division. (Id.) Zoltek's subpoena calls for:

> "1. Documents identifying the manufacturer, supplier, and product number for each and every carbon fiber sheet/mat[1] used for any purpose on the B-2 Stealth Bomber.
>
> 2. A three foot by three foot (3' x 3') sample of each and every carbon fiber sheet/mat used for any purpose on the B-2 Stealth Bomber."

(Id.)

On or about April 30, 1999, defendant United States responded to discovery propounded by Zoltek which called for the same information. (Coyne Decl., ¶ 4.) Specifically, Interrogatory No. 16 calls for the identification of each and every

---

[1] Zoltek's subpoena defines "carbon fiber sheet/mat" as "any sheet/mat which is comprised of carbon fibers present in the sheet/mat in an amount equal to at least seventy-five weight percent". (Coyne Decl., ¶ 2 and Exhibit A thereto.)

manufacturer, supplier and the product number of "carbon fiber sheet/mat" used in the B-2 bomber. (Coyne Decl., ¶ 4 and Exhibit B thereto.) Request for Production No. 13 calls for a "three foot by three foot (3' x 3') sample of each and every type of fiber sheet/mat used for any purpose on the B-2 bomber, as identified in the U.S.'s response to Interrogatory No. 16 (C). . . ." (Coyne Decl., ¶ 4 and Exhibit C thereto.)

The Government objected to the interrogatory on the grounds that (1) the information is classified; (2) the interrogatory sought disclosure of proprietary information; (3) the definition of "carbon fiber sheet/mat" is ambiguous; (4) the information requested is cumulative (5) the interrogatory is vague, ambiguous, and confusing; and (6) the interrogatory is over broad. (Coyne Decl., ¶ 4 and Exhibit B thereto.) The Government responded to the request for production No. 13 by stating that "No such carbon fiber sheet/mat was identified in the responses to No. 16(C)." (Coyne Decl., ¶ 4 and Exhibit C thereto.)

The Government has informed Northrop that Zoltek and its attorneys do not have the security clearance necessary to receive information and material relating to the B-2 Bomber. (Coyne Decl., ¶¶ 2 and 4, and Exhibits B and C thereto (Government's Objection "A")). In light of Zoltek's lack of security clearance and the objections asserted by the United States, Northrop seeks an order from this Court quashing Zoltek's subpoena on the grounds that it is void and unduly burdens Northrop by seeking classified Government property.

## III.

## ARGUMENT

A. As a Threshold Matter, Zoltek's Subpoena is Void.

A subpoena issued by the wrong court is invalid. Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994) (stating that a motion to quash is a preferable procedure to an invalid subpoena rather than failure to appear). "The proceedings of the Court of Federal Claims shall be in accordance with such rules of practice and procedure (other than the rules of evidence) as the Court of Federal Claims may prescribe. . . ." 28 U.S.C. § 2503. Rule 45(a)(2) of the Rules of the United States Court of Federal Claims provides that:

> "The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of the Claims Court."

In contrast, Federal Rules of Civil Procedure, Rule 45 (a)(2) provides that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Moreover, the Federal Rules of Civil Procedure govern the procedure in the United States *district* courts. Fed. R. Civ. P. 1. The Federal Claims Court Rule 45 does not differentiate between the types of subpoenas that may be issued and their separate courts of issuance. This silence demonstrates that under the Federal Claims Court Rule 45, all subpoenas must be issued by the Court of Federal Claims.

Zoltek's Subpoena was issued by the United States District Court, Central District of California, Western Division.[2] (Coyne Decl., ¶ 3 and Exhibit A thereto.) However, as acknowledged on the face of the subpoena, the matter is presently pending before the United States Court of Federal Claims. Accordingly, Zoltek's subpoena issued out of the Central District for California is invalid and should be quashed on that ground.[3]

B. Zoltek's Subpoena is Unduly Burdensome in that it Requires the Production of Classified and Cumulative Government Property.

Federal Rule of Civil Procedure 45(c)(A)(iv)states that "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Moreover, "if a subpoena requires disclosure of a trade secret or other confidential research, development or commercial information, . . . the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena." Fed. R. Civ. P. 45(3)(B)(i). To determine whether a motion to quash should be granted, the court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Speller v. United States, 14 Cl. Ct. 170, 171 (Ct. Cl. 1988); Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325 (10th Cir. 1981) ("The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure").

---

2 Because Zoltek issued its subpoena in the Central District of California, albeit incorrectly, Northrop filed its motion before this Court. Fed. R. Civ. Pro. 45(3)(A) (". . . the court by which a subpoena was issued shall quash . . . .").

3 In the alternative, Northrop moves to quash the subpoena on the additional grounds listed below.

84

1. <u>The Requested Information Is Classified Information and Northrop Has A Duty to Refrain from Revealing It to Persons Who Do Not Have Security Clearance</u>.

Northrop, as a Government contractor, has a duty to refrain from disclosing classified information except to those persons who have a security clearance from the Government. (Coyne Decl., ¶ 2.); <u>See</u> <u>also</u> 18 U.S.C. § 798 (criminal penalty for disclosure of classified information). The Government has informed Northrop that Zoltek and its attorneys do not have the requisite security clearance necessary to receive classified information relating to the B-2 Bomber. (Coyne Decl., ¶ 2) In the Government's responses to similar discovery requests from Zoltek, the Government specifically objected on the ground that the information is classified and will not be disclosed "except pursuant to established requirements for access to and retention of classified information." (Coyne Decl., ¶ 4 and Exhibits B and C thereto.) (Government's objection "A")).

By responding to Zoltek's subpoena, Northrop would be violating its duty to maintain certain Government information classified. If any responsive information exists in Northrop's possession, Northrop's production of it to Zoltek pursuant to the subpoena could result in disclosure of information the Government deems classified.[4] This could cause irreparable harm to national security and could jeopardize Northrop's relationship with the Government. Placing Northrop in the awkward position of choosing to comply

---

4 The Government seems to take the position that its contractors may produce information pursuant to a subpoena where notice is given to the Government to afford the Government an opportunity to invoke any available privileges or procedural remedies. The Government has also contended that some of the responsive information can be produced. Apparently, the Government produced documents from the Tinker Air Force Base. (Coyne Decl., ¶ 4 and Exhibit B thereto.) Accordingly, Zoltek should consult with the Government regarding the responsive materials and information rather than placing Northrop in the awkward position of determining what information is classified and what property belongs to the Government.

with the subpoena or fulfill its duty to the Government to protect national security interests and avoid criminal penalties is an undue burden placed on a non party to this litigation.

2. The Information and Materials Requested in Zoltek's Subpoena May Be Subject to the State Secrets Privilege.

"The state secrets privilege is a common law evidentiary privilege that allows the government to deny discovery of military secrets." Kasza v. Browner, 133 F. 3d 1159, 1165 (9th Cir. 1998). Upon being properly invoked, the privilege is absolute. Id. at 1166. As the court in Kasza recited, "'public policy forbids the maintenance of any suit in a court of justice, the trial of which would inevitably lead to the disclosure of matters which the law itself regards as confidential and respecting which it will not allow the confidence to be violated." Id. at 1170 (quoting Totten, 92 U.S. 105, 107, 23 L.Ed. 605 (1875)).

Here, Northrop holds classified information and Government property. As defined in Zoltek's subpoena, the responsive information and materials relate to the B-2 Bomber. As described above, Northrop has a duty to refrain from disclosing classified information to parties who lack security clearance. Consequently, classified information relating to the B-2 Bomber may be the type of military secrets which the state secrets privilege is designed to protect. Any issues regarding access to such information should be addressed by submitting requests for the information to the Government. Requiring Northrop to produce classified information or Government property which may come within the ambit of the absolute state secrets privilege would be unduly burdensome to Northrop.

3. <u>The Requested Property Is Government Property Which Northrop is Not Entitled to Release</u>.

The materials that Zoltek is seeking from Northrop are Government property which Northrop is not entitled to release. Northrop, as a Government contractor, merely holds the property on behalf of the Government. Zoltek should not be allowed to circumvent the procedural safeguards given to the Government in order to obtain otherwise protected Government property. For example in <u>Contardo v. Merrill Lynch, Pierce, Fenner & Smith</u>, 119 F.R.D. 622, 624 (D. Mass. 1988), the court refused to allow a party to circumvent Federal Rule of Civil Procedure 34 by issuing a subpoena on a party's employee to obtain the same documents. The court opined:

> "In sum, a party cannot secure documents from an opposing party by serving a deposition subpoena duces tecum on an employee of the opposing party commanding production of the party's documents unless the provision of Rule 34 F.R.Civ.P. are followed."

<u>Id</u>.(denying motion to compel compliance with subpoena). Similarly, Zoltek should not be allowed to obtain Government property from Northrop, a third party who holds the property on the Government's behalf. Moreover, the Government's responses to similar discovery requests demonstrate the Government's objection to production of its requested property. Accordingly, it would be unduly burdensome to require Northrop to turn over the Government's property.

4. <u>The Discovery Sought by Zoltek's Subpoena is Irrelevant, Cumulative and Over Broad</u>.

Zoltek has no recognizable need for the information regarding materials used on the B-2 Bomber or a sample of materials used on the B-2 Bomber. Zoltek has sued the United States for patent infringement. According to the United States, Zoltek's patent does

not cover all forms of carbon fiber and the processes for making the fiber. (Coyne Decl., ¶ 4 and Exhibit C thereto.) Rather, the patent at issue relates only to those carbon fibers manufactured by heating with a specific temperature range for a predetermined period of time. (Id.) The carbon fiber as claimed in Zoltek's patent was not used in the production of the B-2 Bomber. (Coyne Decl., ¶ 5 and Exhibit D thereto.)

Zoltek's subpoena nonetheless seeks the production of documents identifying the manufacturer, supplier and product number for *each and every* carbon fiber used on the B-2 Bomber. Because the materials used on the B-2 Bomber are not of the type claimed in Zoltek's patent, information relating to them is not of any assistance to Zoltek. In addition, Zoltek cannot demonstrate the relevance of all carbon fiber to its patent suit against the Government.

Zoltek's subpoena is also cumulative. Specifically, Zoltek propounded an interrogatory seeking the same information Zoltek seeks from Northrop's documents. Interrogatory No. 16 propounded on the United States calls for the identification of each and every manufacturer, supplier and the product number of carbon fiber sheets/mats used in the B-2 bomber. (Coyne Decl., ¶ 4 and Exhibit B thereto.) In addition, Zoltek's Request for Production No. 13 propounded on the United States calls for a "three foot by three foot (3' x 3') sample of each and every type of fiber sheet/mat used for any purpose on the B-2 bomber, as identified in the U.S.'s response to Interrogatory No. 16 (C). . . ." (Coyne Decl., ¶ 4 and Exhibit C thereto.) Thus, the subpoena to Northrop is cumulative of the discovery it has already propounded on the United States.

In sum, Zoltek has no recognizable need for the responsive documents or materials in light of the facts that (1) the carbon fiber at issue in Zoltek's patent suit is not the type of material used in the B-2 Bomber; (2) the subpoena seeks information regarding

*each and every* carbon fiber sheet/mat -- and is thus over broad; and (3) Zoltek has already propounded discovery on the Government for the same information and materials.

## IV.

## CONCLUSION

As one of the Government's defense contractors, Northrop has a duty to refrain from disclosing classified information and Government property except to persons who have the requisite security clearance. The Government objected to the same discovery propounded on it on numerous grounds, including the fact that it sought classified information. Northrop, a non-party to the lawsuit between Zoltek and the Government, would be unduly burdened by being forced to reveal classified information, jeopardizing national security and its relationship with the Government. Northrop respectfully requests that the Court quash Zoltek's subpoena.

Dated: May 7, 1999

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By [signature]
JOSEPH F. COYNE, JR.
Attorneys for Third-Party
NORTHROP GRUMMAN CORPORATION

LA:LSG\PLD\W12\70012230.1