**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, | ) | |
| Plaintiff, | ) | Case No. 96-166 C |
| v. | ) | Chief Judge Edward J. Damich |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ZOLTEK'S MOTION FOR SANCTIONS UNDER RULE 37 (c)**

In accordance with the provisions of Rule 37 (c) (1) Rules of the Court of Federal Claims ("RCFC"), Plaintiff, Zoltek Corporation ("Zoltek") respectfully moves this Court for an Order of Sanctions against the defendant, the United States (hereinafter "U.S." or "Government") to include at least the following:

1. Exclusion of any declaration, deposition testimony and trial testimony of James F. Moraveck regarding any issue in the present action;
2. Exclusion of any documentary evidence provided as an attachment to the declaration of James F. Moraveck, and any declarations, deposition testimony or trial testimony regarding any subject matter contained within those documents;
3. An award of costs, including reasonable attorneys' fees for bringing the present motion; and
4. Such other relief as this Court deems appropriate.

The basis for the present motion is the Government's failure to identify and provide to Zoltek in a timely manner the documents attached to Mr. Moraveck's Declaration and an updated identification of all the bases of the Government's claim of invalidity under 35 U.S.C. §§ 102 and 103, and the witnesses and documents supporting all such bases, in accordance with its obligations under Rule 26 (e) (2) of this Court, as set forth below.

## I. FACTUAL BACKGROUND

The U.S. initially took the deposition of George P. Boyd, the named inventor on Zoltek's U.S.

Patent No. Re. 34,162 ("the '162 patent") over December 5-6, 2001. On November 18, 2002, the U.S. filed a first request for additional examination of Mr. Boyd, stating the examination was "for [the] limited purpose of questioning him relating to information recently discovered by Government's counsel" (Ex. 1, A1). Over Zoltek's objection, this Court granted the U.S.' request in an Order dated November 27, 2002 (Ex. 2).[1]

Following the Court's ruling, on December 19, 2002, Zoltek filed a Motion and supporting memorandum of law to compel updating its discovery responses as they may pertain to the Boyd deposition (Ex. 3, A8). Zoltek's motion was necessitated by the fact that the Court's Order of November 18, 2002 failed to address Zoltek's request for the Government to update its interrogatory and document responses before the Boyd deposition. Zoltek's supporting memorandum also asserted that the U.S. had an ongoing obligation under Rule 26 (e) Rules of the Court of Federal Claims, to update all of its responses to interrogatories and document requests (Ex. 3, A9). The express purpose of Zoltek's motion was to "avoid trial by ambush" (Ex. 3, A9).

In opposing Zoltek's motion and its refusal to supplement responses to Zoltek's interrogatories and document requests, the U.S. stated:

> The Government seeks the information to determine whether an affirmative defense *exists*, not to support a defense identified in the Government's answer. If the Government believes that it has a valid defense, then the Government will so notify Zoltek and provide the basis for that defense as required by Plaintiff's interrogatories and requests for production. However, the duty to supplement its responses does not arise at least until the Government has determined that it has a defense on which it intends to rely (Ex. 4, A13) (Emphasis the original).

The Court denied Zoltek's Motion to Compel discovery (Ex. 5). No documents or updated interrogatory responses were ever produced.

On October 27, 2005, the day following completion of Mr. Boyd's deposition, the U.S. hand delivered to Zoltek a nine (9) page Declaration of James F. Moraveck dated November 9, 2002, the owner and president of CAAP Company, ("CAAP"), outlining activities of Mr. Moraveck and CAAP during the period 1978-1988 with respect to the alleged use of partially carbonized fibers as part of an exterior coating to produce a low observable (i.e., Stealth) capability on various U.S. military equipment,

1 Zoltek filed an opposition in accordance with Rule 7.2, fourteen (14) days after the U.S.' initial request. In an Order dated December 9, 2002,

together with sixteen (16) separate documentary exhibits (A-P) (Ex. 6). Although Rule 26(e)(2) of this Court specifically requires that discovery responses be updated in a timely fashion, none of the documents responsive to Zoltek's discovery requests that were attached to Mr. Moraveck's declaration were produced to Zoltek prior to Mr. Boyd's deposition.

## II. ARGUMENT

Rule 37 (c) (1) prohibits the use at trial of the Moraveck declaration, the exhibits attached thereto, and any trial testimony relating to the subject matter in the documents.

Rule 37 (c) (1) states in pertinent part:

> A party that without substantial justification fails to disclose information required by RCFC 26 (a) or 26 (e) (1), or to amend a prior response to discovery as required by RCFC 26 (e) (2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion, any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorneys' fees, caused by the failure, these sanctions may include any of the actions authorized under RCFC 37 (b) (2) (A), (B), and (C).

Rule 26 (e) (2) provides:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### A. The Government's Action Violated Rule 26 (e) (2) To Timely Update Its Responses

In order to establish a violation of Rule 26 (e) (2), Zoltek must establish the following:

1). Was there a prior response;

2). Did the response become materially incorrect or incomplete;

3). Did the Government know that the response was incomplete; and

---

the Court granted Zoltek leave to file its opposition brief, but stated that its November 27, 2002 Order stood.

4). Was the corrective information otherwise made known to Zoltek through the discovery process or in writing?

*Tritek Technologies, Inc. v. United States*, 63 Fed. Cl. 740, 746-47 (CFC, 2005) (Originally Filed Under Seal).

With respect to the first point, the U.S.' initial and only responses to Zoltek's first and second set of interrogatories and document requests are relevant here. In Zoltek's First Set of Interrogatories, Interrogatory 3 (a) asked the U.S. how it first became aware of carbon fiber technology (Ex, 7, A 140).[2] Interrogatory 3 (c) asked the U.S. to identify each supplier that began supplying carbon fiber technology for each weapon or weapon system employing Stealth technology (Ex. 7, A140).[3] Interrogatory 3 (d) asked the U.S. to identify the three persons from each supplier of Stealth technology who are most knowledgeable regarding that subject matter (Ex. 7, A140). Interrogatory 3 (e) asked the U.S. to identify all documents relating to each subpart of the interrogatory (Ex.7, A140).

In Zoltek's First Request for Production Nos. 1-5, 9 and 10 requested information regarding the use of carbon fibers in Stealth technology, the method for manufacturing carbon fibers used in Stealth technology, and any suppliers of carbon fibers used in Stealth technology (Ex. 8). The U.S.' sole responses were dated October 11, 1996. No updated responses have been provided during this litigation.

In Zoltek's Second Set of Interrogatories, the U.S. was requested in No. 11 to identify each and every basis, both factual and legal, for the U.S.' position in paragraph 10 of its affirmative defenses that Zoltek's '162 patent is invalid under 35 U.S.C. § 102 and/or 103, to identify all documents supporting each and every factual and legal basis, and to identify all witnesses having factual knowledge regarding U.S.' allegation (Ex. 9, A159). Zoltek's Second Request for Production requested all documents and things identified in response to Zoltek's Second Set of Interrogatories (Ex. 10, A166). In its initial and only response dated April 14, 1997, the U.S. stated, after repeating its general objections, that the Government relied on the alleged prior art identified in Exhibit A to its response, and that "the [U.S.] will supplement this response in a seasonable manner" (Ex. 9, A160).

The attachments to the declaration of Mr. Moraveck were not provided to Zoltek until the day

2 "Carbon fiber technology" was defined to include any weapon, weapon system, object or any item having as part of its structure or composition carbon fibers having generally uniform controlled electrical surface resistivity.

3 "Stealth technology" was defined as any weapon, weapon system, object or item employing carbon fiber technology defined in Footnote 1 so

after Mr. Boyd's deposition on October 27, 2005 (Ex. 6, A21). The Moraveck declaration is dated November 4, 2002. The Government had the Moraveck declaration and attachments long *before* it filed its request to take additional examination of Mr. Boyd on November 18, 2002 (Ex. 1, A5).

With respect to the second point in *Tritek Technologies*, the U.S.' response to Zoltek's First Second Set of Interrogatories and Document Requests were clearly incomplete. The attachments to Mr. Moraveck's declaration (Ex. 6) should have been produced in response to multiple document requests contained in Zoltek's First Set of Document Requests regarding the use of carbon fibers in Stealth applications on military aircraft (Ex. 8). The Moraveck attachments should also have been produced in response to Zoltek's Second Set of Interrogatories, specifically No. 11, asking for the factual and legal basis for the Government's assertion of invalidity under 35 U.S.C. § 102 and/or 103, witnesses who will testify regarding such assertion, and the identification of documents in support of such allegation (Ex. 9, A159). Zoltek's Second Set of Production Requests specifically asks for all documents identified with respect to the second set of interrogatories (Ex. 10, A166). The Government withheld the Moraveck attachments documents until after it had taken the deposition of Mr. Boyd (Ex. 12). When the U.S. came into possession of these documents, they were obligated under Rule 26 (e) (2) to timely provide copies of these documents to Zoltek. This is particularly true because these documents were not obtained by subpoena from a third party, but rather apparently produced voluntarily from a third party, i.e., CAAP, without any notice to Zoltek.

With respect to the third point in *Tritek Technologies*, the Government was on notice that its answers to the above identified interrogatories and document requests were clearly incomplete when Zoltek objected to the additional deposition time requested of Mr. Boyd. In its objection, Zoltek specifically asked for the production of any documents which the Government alluded to when it requested permission of this Court to take Mr. Boyd's deposition (Ex. 11, A170-71). Additionally, Zoltek filed a motion to compel requesting the Government to update its responses to Zoltek's interrogatories, specifically including the second set of interrogatories and document requests prior to the Boyd deposition (Ex. 3, A8). The Government coyly responded that it was not sure whether it would be using these documents until it completed the further deposition of Mr. Boyd (Ex. 4, A13). That assertion was specious when made and it remains specious today. The documents were clearly responsive to

---

as to render the weapon, weapon system, object or item, in whole or in part, radar absorbing for purposes of avoiding detection.

Zoltek's First and Second Set of Discovery, and should have been produced in a timely manner when they came into the Government's possession.

With respect to the fourth point in *Tritek Technologies*, Zoltek had absolutely no knowledge of these documents, of Mr. Moraveck or his company, CAAP, until the documents were provided the day after Mr. Boyd's deposition. This type of "trial by ambush" is strictly forbidden by Rule 37. This Court in *Tritek Technologies*, citing *Gutierrez v. AT & T Broadband*, LLC 382 F. 3rd 725 (7th Cir. 2004) stated:

> While information may be considered to have been "otherwise made known" where the alleged disclosure is clear and unambiguous, where the alleged disclosure is not sufficiently clear, it cannot satisfy the requirements of Rule 26. 63 Fed. Cl. at 748.

In this case, the disclosure by the Government is not only not sufficiently clear, it was non-existent.

As set forth above, Zoltek has clearly established that the U.S. violated Rule 26 (e) (2) regarding its obligation to timely update its responses to Zoltek's interrogatories and document requests.

**B. <u>The U.S.' Violation Was Not Substantially Justified or Harmless Under RCFC 37</u>**

After this Court in *Tritek Technologies* noted that Federal Circuit has not established a test for applying the exclusion provisions of RCFC 26 and 37 (63 Fed. Cl. at 750), this Court cited other circuit courts opinions approvingly for the principle that the sanction of exclusion is *automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26 (e) was either justified or harmless. 63 Fed. Cl. at 750, citing *Finley v. Marathon Oil Company* 75 F. 3rd 1225, 1230 (7th Cir. 1996); *Klonoski v. Mahlab*, 156 F. 3rd 255, 269 (1st Cir. 1998). The *Tritek Technologies* court also noted that the burden of proof that the violation was justified or harmless rests squarely on the party facing sanctions. 750 Fed. Cl. at 750, citing *Wilson v. Bradles of New England*, 250 F. 3rd 10, 21 (1st Cir. 2001); *Yeti by Molly Limited v. Deckers Outdoor Corporation* 259 F. 3rd 1101, 1107, (9th Cir. 2001).

The Court in *Tritek Technologies* reviewed the cases and adopted a three prong test to determine whether sanctions should be applied, to wit;

1. Surprise to the party against whom the evidence would be offered;
2. The importance of the information withheld; and

3. The explanation for the failure to disclose the information (63 Fed. Cl. at 750).

With respect to the first factor, Zoltek had absolutely no knowledge of the existence of Mr. Moraveck, who apparently provided the documents and the information in his declaration voluntarily to the Government. Even though Zoltek specifically requested disclosure of such information both in its interrogatories and document requests, in its opposition to the Government's request for additional deposition time for Mr. Boyd, and its Motion to Compel responses to Zoltek's Second Set of Interrogatories and Document Requests, none of this information was provided to Zoltek until Mr. Boyd's deposition was completed.

With respect to the second factor, withheld information was relevant in that it appears to contain information directly involving activities of Mr. Boyd during relevant time periods. The Government presumably expects to use those documents and information in establishing the invalidity of Zoltek's '162 patent.[4] The subject matter of all of the attachments to the Moraveck declaration were requested in Zoltek's prior interrogatories and document requests to the Government. The Government's conduct should be presumed prejudicial to Zoltek's ability to defend against the Government's allegations of invalidity under § 102 and 103.

In adopting the standard for determining prejudice set forth in *Roland v. American General Finance, Inc.* 340 F. 3rd 187, 196 (4th Cir. 2003), this Court in *Tritek Technologies* stated that:

> "The prejudice need not be directly related to the motion at issue, but rather to the case as a whole." As the Fourth Circuit suggested in *Roland*, *supra*, prejudice is embodied in anything that impairs the party's "ability to prepare for and conduct the case at trial."

With respect to the third element, the U.S. has no excuse for failure to provide the requested documents in a timely manner. Not only were the documents responsive to Zoltek's first and second set of discovery, Zoltek objected to the resumption of Mr. Boyd's deposition until the "information" obtained by the Government was provided to Zoltek (Ex. 11, A170). This specifically included any documents which the Government may have received (Ex. 11, A170). Furthermore, Zoltek specifically moved to compel supplemental responses to the Government's answers to Zoltek's Second Set of Interrogatories and Document Requests, specifically including Interrogatory 11 dealing with all bases for

4 Zoltek asserts that the documents produced do not invalidate its '162 patent either under Section 102 or Section 103.

its assertions of invalidity, witnesses who will be held upon to provide information regarding such allegations of invalidity, and any documents that support such allegations of invalidity (Ex. 9-10). The Government speciously responded that it needed to take Boyd's deposition first because:

> The Government seeks the information is needed to determine whether an affirmative defense *exists* not to support a defense identified in the Government's answer. If the Government believes that it has a valid defense, then the Government will so notify Zoltek and provide the basis for that defense, as required by plaintiff's interrogatories and requests for production (Ex. 4).

*The very next day*, the U.S. hands Zoltek's counsel the nine (9) page declaration of Mr. Moraveck and the attachments thereto (Ex. 6, A21). There is no justification for the Government's failure to provide the requested documents in a timely manner. The obvious motive was to severely prejudice Zoltek in its ability to defend against the Government's allegation of invalidity.

## III. THE EXCLUSION OF THE MORAVECK DECLARATION, ATTACHMENTS, AND TESTIMONY RELATING THERETO IS WARRANTED

As previously noted, this Court in *Tritek Technologies*, citing the Seventh Circuit and First Circuit respectively in the *Finley v. Marathon Oil Company* and *Klonoski v. Mahlab* cases, held that the sanction of exclusion is *automatic and mandatory* unless the sanctioned party can show that its violation [of Rule 26] was either justified or harmless. 63 Fed. Cir. Cl. at 750. It is the Government's burden to prove that the violation was justified or harmless. *Id.* The Government has completely failed to meet its burden.

First, the documents attached to the Moraveck declaration (Ex. 6, Attachments A-P) should have been produced in response to multiple, independent requests from Zoltek filed years earlier in this case (Ex. 7-10). The fact that the Government was trying to determine whether it would use these documents in its case is irrelevant to the central fact that the documents were responsive to Zoltek's discovery requests.

Second, the Government's proffered explanation that it needed to determine whether any defense existed based on the Moraveck documents borders on the disingenuous. Mr. Moraveck's nine (9) page declaration was executed on November 4, 2002 (Ex. 6, A30). *Fourteen (14) days later*, the Government

filed its first request for additional examination of George Boyd (Ex. 1, A5). Quite obviously, the Government intended to use these documents and the declaration of Mr. Moraveck, together with any potential trial testimony he might provide long before the deposition of Mr. Moraveck was scheduled.

Third, the Government's failure to disclose was not harmless. On the contrary, the Government sought testimony from Mr. Boyd without providing the previously requested documents to Zoltek for review. This scenario is precisely what Zoltek cautioned against in its opposition to the Government's request to examine Mr. Boyd and its Motion to Compel updated discovery requests (Ex. 3, 11). This is particularly true in this situation because the Government obtained these documents voluntarily from Mr. Moraveck and his company, CAAP, which apparently is a supplier of various defense products to the Government. Zoltek had absolutely no notice of these documents when Mr. Boyd's deposition was taken on October 20, 2005. Yet, the very next day, the Government handed Zoltek Mr. Moraveck's declaration and attachments.

Excluding the Moraveck declaration, its attachments, and the trial testimony of Mr. Moraveck on any subject matter relating to this lawsuit is not only warranted but mandated by Rule 37. To permit the Government to present this evidence to the Court is to reward the Government for conduct in direct violation of the express terms of RCFC 26 (e) and 37 (c). The Government could easily have been forthright in its dealings with Mr. Moraveck and his company by simply issuing a subpoena for documents. Instead, the Government chose to work out of sight to obtain the information wanted and then to "sandbag" Zoltek and Mr. Boyd in the deposition. This type of conduct is strictly prohibited.

**CONCLUSIONS**

For the above stated reasons, Zoltek respectfully moves this Court to exclude the declaration of James F. Moraveck, the documents attached to Mr. Moraveck's declaration, and any trial testimony of Mr. Moraveck regarding any subject matter in this lawsuit.

Additionally, in accordance with the provisions of Rule 37 (c) (1), Zoltek respectfully requests that reasonable expenses including attorney's fees, for bringing the present motion be awarded to Zoltek, and for such and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: November 30, 2005

/s/ Dean A. Monco

Dean A. Monco, Esq.
John S. Mortimer, Esq.
WOOD, PHILLIPS, KATZ,
CLARK & MORTIMER
500 West Madison Street, Suite 3800
Chicago, Illinois 60661-2511
Tel.: (312) 876-1800
Fax: (312) 876-2020
Email: damonco@woodphillips.com

Attorneys for Plaintiff, Zoltek Corporation