**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION,<br>a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 96-166 C<br><br>Chief Judge Edward J. Damich |

**ZOLTEK'S MOTIONS FOR SANCTIONS UNDER RULE 37, RCFC – LIST OF EXHIBITS**

1. Defendant's Request for Additional Examination of George P. Boyd dated November 18, 2002.
2. Court Order dated November 27, 2002.
3. Zoltek's Memorandum in Support of Its Motion to Compel Discovery Responses (w/o Exhibits).
4. Defendant's Opposition to Zoltek's Motion to Compel Discovery Responses.
5. Court Order dated July 16, 2003 Denying Motion to Compel.
6. James Moraveck Declaration and Attachments A-P (Filed Under Seal).
7. Defendant's Response to Zoltek's First Set of Interrogatories (No. 3) dated October 11, 1996.
8. Defendant's Responses to Zoltek's First Set of Document Requests dated October 11, 1996.
9. Defendant's Response to Zoltek's Second Set of Interrogatories (No. 11) dated April 14, 1997.

10. Defendant's Responses to Zoltek's Second Set of Document Requests dated April 14, 1997.

11. Zoltek's Opposition to the Government's Request for Further Deposition of George P. Boyd (w/o Exhibits).

12. Deposition Transcript of George P. Boyd taken October 26, 2005.

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, Plaintiff, v. THE UNITED STATES, Defendant. | No. 96-166C<br>Chief Judge Edward J. Damich |

**DEFENDANT'S FIRST REQUEST PURSUANT TO RCFC 30(a)(2)(B) FOR ADDITIONAL EXAMINATION OF GEORGE P. BOYD**

In accordance with RCFC 30(a)(2)(B), the Government requests that the court order the further examination of George P. Boyd for limited purpose of questioning him relating to information recently discovered by Government counsel.

On December 5-6, 2001, the Government took the deposition of Mr. Boyd. Although conducted over two days, the entire deposition lasted for approximately 8 hours. Based on the information provided by Mr. Boyd, Government counsel has conducted further investigation. That investigation produced information that suggests that Mr. Boyd's answers to some questions during the previous deposition were incomplete, inaccurate or that he may have forgotten information. In general, the additional examination will involve information contained in two exhibits admitted during the prior deposition and the activities of Mr. Boyd in the 1982-84 time frame, *i.e.,* the time immediately preceding and during which he developed the processes claimed in the patent-in-suit. The Government's investigation suggests that the information sought is uniquely in the possession of Mr. Boyd.

The Government anticipates that the deposition could be completed in less than one hour, barring any procedural delays, but requests that it be allowed two (2) hours, barring procedural delays, to complete the examination. Government counsel understands that Mr. Boyd has no financial stake in this litigation and is not employed by Zoltek. Accordingly, the Government has offered to schedule the deposition at a time and place that will minimize the cost and inconvenience to Mr. Boyd.

The Government has taken two depositions in this case. Accordingly, the granting of this request will not cause the Government to exceed a limit of ten depositions specified in RCFC 30(a)(2)(A).

Counsel for the parties have conferred regarding the Government's request, but were unable to reach an agreement. Counsel for Zoltek (who also represent Mr. Boyd) have requested that the Government first disclose the information that the Government has obtained through its investigation. The Government objects to such a procedure because it provides counsel with the opportunity to coach Mr. Boyd regarding his responses to Government counsel's questions.

DISCUSSION

Rule 30(a)(2)(B), RCFC, requires that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2)[[1]], ... if, without

---

[1] RCFC 26(b)(2) provides:

> Limitations. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under RCFC 30. By order, the court may also limit the number of requests under RCFC 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the

the written stipulation of the parties, ... (B) the person to be examined already has been deposed in the case ...." This court's Rule 30(a)(2)(B) is taken verbatim from the comparable Federal Rule. Fed. R. Civ. P. 30(a)(2)(B). The Advisory Committee's analysis of the Fed. R. Civ. P. 30(a)(2)(B) further exemplifies the circumstances under which the court should grant further examination of the witness:

> [Paragraph (2)(B)] requires leave of court if any witness is to be deposed in the action more than once. This requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition. If significant travel costs would be incurred to resume the deposition, the parties should consider the feasibility of conducting the balance of the examination by telephonic means.

Fed. R. Civ. P. 30 Advisory Committee's note to the 1993 Amendment.

The court's discovery rules are to be construed liberally in favor of discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("the deposition-discovery rules are to be accorded a broad and liberal treatment," discussing the Federal Rules of Civil Procedure); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d. 189, 192 (1st Cir. 2001) (discussing Fed. R. Civ. P. 30(a)(2)(B). And by its terms, RCFC 30 favors the granting of requests for additional examination *unless* the court finds that the requested deposition is "(i) ... unreasonably

---

discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under RCFC 26(c).

cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit .... " Thus, the burden is on Zoltek to demonstrate that the request is unreasonable.

Here, the Government's request is reasonable in all respects. The Government has specifically limited the additional questioning to a narrow area, *i.e.*, the reexamination of Mr. Boyd relating to only two of the exhibits and a two-year period and the questioning will be limited to determining whether Mr. Boyd's previous answers provided were complete and correct when made, and whether Mr. Boyd's memory regarding those answers may be refreshed through additional questions. The Government has also agreed to take steps to limit the cost and disruption to Mr. Boyd.

Further, the Advisory Committee comments state that permission of the court is unnecessary where the deposition is recessed "to enable additional materials to be gathered before resuming the deposition." While not within the scope of the commentary (the deposition was not temporarily recessed), the Government's request is certainly within its spirit. Here, the Government has sought the additional information as a result of the initial deposition, based on the testimony of Mr. Boyd. The results of that further discovery lead the Government to believe that Mr. Boyd's answers were either incomplete or that he lacked memory to completely respond. In either event, the Government believes that it is now in a position to press the inquiry further than it could have at the initial deposition.



A4

CONCLUSION

The Government requests that the court permit it to conduct a further deposition of Mr. George P. Boyd, at a time and place convenient to him, and not to exceed two hours, unless delayed by procedural matters or objections.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

VITO J. DiPIETRO
Director

Gary L. Hausken

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tel: (202) 307-0342
Fax: (202) 307-0345
Attorneys for Defendant

November 18, 2002

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing "Defendant's First Request Pursuant to RCFC 30(a)(2)(B) for Additional Examination of George P. Boyd" was deposited with Federal Express this 18th day of November 2002 for delivery on the next business day to:

Dean A Monco
Wood, Phillips, Van Santen,
Clark & Mortimer
500 West Madison, Suite 3800
Chicago, Illinois 60661-2511

Attorney for Plaintiff, Zoltek Corporation

Elizabeth D. Elliott

Elizabeth D. Elliott
Secretary
Department of Justice
(202) 305-9847

# EXHIBIT 2

# In the United States Court of Federal Claims

No. 96-166 C

(Filed: November 27, 2002)

************************************

**ZOLTEK CORPORATION,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

************************************

**ORDER**

Defendant filed "Defendant's First Request Pursuant to RCFC 30(a)(2)(B) for Additional Examination of George P. Boyd" on November 18, 2002. Because the Court finds the request to be reasonable, it is hereby GRANTED. In accordance with Defendant's request, the deposition shall be limited to 2 hours and is to be conducted "at a time and place that will minimize the cost and inconvenience to Mr. Boyd." Def. First Request at 2.

Edward J. Damich

EDWARD J. DAMICH
Chief Judge

# EXHIBIT 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ZOLTEK CORPORATION,** a Missouri corporation, | ) | |
| Plaintiff, | ) | Case No. 96-166 C |
| v. | ) | Chief Judge Edward J. Damich |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**ZOLTEK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES REGARDING THE BOYD DEPOSITION**

Plaintiff, Zoltek Corporation ("ZOLTEK") respectfully submits this Memorandum of Law in Support of its Motion to Compel Discovery Responses Regarding the Boyd Deposition.

**FACTUAL BACKGROUND**

On November 27, 2002, this Court issued an Order granting the U.S. Motion to permit additional deposition examination of the inventor of ZOLTEK's U'S. Patent No. 34,162, George P. Boyd. The Court limited the deposition to two hours, with the time and place selected to minimize the costs and inconvenience to Mr. Boyd.

However, the Court's Order failed to address the issue raised by ZOLTEK in its Opposition to the U.S.' Motion, i.e. that the U.S. refused to produce the documents on which it wanted to re-depose Mr. Boyd, and to formally explain as a supplement to responses to ZOLTEK's Second Set of Interrogatories, how these additional documents support one or more of the U.S.' Affirmative Defenses filed in response to ZOLTEK's First Amended Complaint.

On or about March 14, 1997, ZOLTEK served its Second Set of Interrogatories to the U.S., requesting the U.S. to identify each and every basis, both factual and legal, for the various Affirmative Defenses which the U.S. has asserted in this case (Ex. 1). On the same

date, ZOLTEK served its Second Request for Production of Documents and Things requesting all documents and things which support any of the U.S.' affirmative defenses (Ex. 2).

When the U.S. initially contacted ZOLTEK regarding the resumption of Mr. Boyd's deposition, ZOLTEK objected and stated that under the rules of this Court, the U.S. had to seek permission of this Court to resume Mr. Boyd's deposition if ZOLTEK objected. Additionally, ZOLTEK asked the U.S. to produce any documents upon which it wanted to question Mr. Boyd, and to explain these documents in the context of the U.S.' asserted Affirmative Defenses in response to ZOLTEK's Interrogatories (Ex. 3). The U.S. declined to provide such documents and explanation, and continues to do so, stating that the U.S. will not be able to determine if the documents are relevant to its Affirmative Defenses until after it examines Mr. Boyd.

Under Rule 26(e), Rules of the Court of Federal Claims, the U.S. has an ongoing obligation to update its responses to interrogatories and document request period. As such, the U.S. has an affirmative duty to disclose the documents and theories it wishes to question Mr. Boyd about before the deposition takes place. "Trial by ambush" is not permitted under the rules of this Court.

## CONCLUSION

For the above-stated reasons, ZOLTEK respectfully moves this Court to direct the U.S. to produce the documents on which it intends to question Mr. Boyd and to supplement its

responses to ZOLTEK'S Interrogatories regarding the subject matter these new documents as they relate to the U.S.' Affirmative Defenses.

Respectfully submitted,

Dated: December 18, 2002

Dean A. Monco

Dean A. Monco, Esq.
John S. Mortimer, Esq.
WOOD, PHILLIPS, KATZ,
CLARK & MORTIMER
500 West Madison Street, Suite 3800
Chicago, Illinois 60661-2511
Tel.: (312) 876-1800

Of Counsel:

James F. Davis
HOWREY, SIMON, ARNOLD & WHITE
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2402
Tel.: (202) 783-0800

# EXHIBIT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ZOLTEK CORPORATION,<br>a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 96-166C<br><br>Chief Judge Edward J. Damich |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES REGARDING THE BOYD DEPOSITION, WITH APPENDIX**

Asserting that the Government has failed to update its discovery responses, Zoltek requests that the court order the Government (1) to update certain discovery responses, (2) to produce all documents that the Government intends to use at Mr. Boyd's deposition, and (3) update the Government's interrogatory responses to "explain how the resumed deposition of Mr. Boyd will assist the U.S. in proving any of their affirmative defenses" identified in the Answer to the Amended Complaint. The first request is without merit because none of the identified discovery requests has been shown to be inaccurate. The second request is moot since the Government has previously stated that it will only address documents previously identified during the first deposition of Mr. Boyd. The third request is without merit because none of the identified interrogatories sought the information which Zoltek now asks the court to order, *i.e.*, the bases for the Government's *discovery requests* (as opposed to facts or legal theories supporting its defenses).

Further, Zoltek's motion ignores this court's Order of December 9, 2002. Zoltek made the same arguments in "Zoltek's Opposition to the United States' Request for Additional Examination of George P. Boyd." In its December 9 Order, the court considered and specifically rejected the very arguments that Zoltek offers in the present motion.

## DISCUSSION

Zoltek's present motion is nothing more than a re-packaging of "Zoltek's Opposition to the United States' Request for Additional Examination of George P. Boyd." Exhibit 1. The court fully considered and rejected Zoltek's arguments in its Order of December 9, 2002. Exhibit 2.

### A. THE GOVERNMENT'S RESPONSES TO THE SECOND SET OF DISCOVERY REQUESTS ARE ACCURATE AND DO NOT REQUIRE AMENDMENT

Zoltek first asks the court to order the Government to update its answers to Zoltek's second sets of interrogatories and requests for production. Pl. Mot. at 1. Zoltek's motion lacks merit.

The burden is squarely on Zoltek to establish that the Government's answers to interrogatories and requests for production are erroneous. RCFC 37(a) & (c). As Zoltek concedes, the Government has previously informed Zoltek that the Government is seeking the further deposition in order to determine whether it has a defense based on the information that it received. Pl. Brief at 2 ("The U.S. declined to provide such documents and explanation … stating that the U.S. will not be able to determine if the documents are relevant to its Affirmative

Defenses until after it examines Mr. Boyd."); *see also* Defendant's First Request Pursuant to RCFC 30(a)(2)(B) for Additional Examination of George P. Boyd:

> Based on the information provided by Mr. Boyd, Government counsel has conducted further investigation. That investigation produced information that suggests that Mr. Boyd's answers to some questions during the previous deposition were incomplete, inaccurate or that he may have forgotten information. In general, the additional examination will involve information contained in two exhibits admitted during the prior deposition and the activities of Mr. Boyd in the 1982-84 time frame, *i.e.*, the time immediately preceding and during which he developed the processes claimed in the patent-in-suit. The Government's investigation suggests that the information sought is uniquely in the possession of Mr. Boyd.

Exhibit 3 at A9.

The Government seeks the information to determine whether an affirmative defense *exists*, not to support a defense identified in the Government's Answer. If the Government believes that it has a valid defense, then the Government will so notify Zoltek and provide the bases for that defense, as required by plaintiff's interrogatories and requests for production. However, the duty to supplement its responses does not arise at least until the Government has determined that it has a defense on which it intends to rely. Nothing in Zoltek's interrogatories or this court's rules requires the Government to speculate as to whether it has such a defense or to hypothecate the basis for a defense when it does not have necessary facts. Indeed, if Government counsel were to assert defenses without a reasonable basis, counsel could be subjected to sanctions under RCFC 11.

All the Government is asking is a fair opportunity to determine whether the information developed by the Government's investigation would affect Mr. Boyd's previous answers and to seek Mr. Boyd's response to that information. After hearing Mr. Boyd, the Government will be

better able to determine whether or not it has a defense that it will raise at trial. The Government should not be required to divulge its theories until it has had an opportunity to determine whether it will rely on those theories as a defense.

To be sure, Zoltek's interrogatories only require that the Government disclose the legal theories that form the bases of the affirmative defenses stated in paragraphs 9-14 of the Government's Answer. *See, e.g.*, Pl. Ex. 1. The present inquiry is not one that formed the basis of any affirmative defense listed in the Government's Answer. As noted, the current inquiry was spurred by the Government's investigation following Mr. Boyd's December 5-6, 2001 deposition. Exhibit 3 at A9. Accordingly, it cannot relate to any defense stated in the Answer, but relates to a potential additional defense.

Zoltek's request is without foundation and should be denied.

## B. THE GOVERNMENT HAS PREVIOUSLY INFORMED ZOLTEK THAT IT WILL NOT OFFER ANY DOCUMENTS AT MR. BOYD'S DEPOSITION THAT HAVE NOT BEEN PREVIOUSLY IDENTIFIED

Zoltek next asks the court to order the Government to produce any documents that will be used during the deposition of Mr. Boyd. *See* Def. Ex. 4 at 1. As noted above, the Government has already informed Zoltek that it only seeks to question Mr. Boyd regarding documents previously produced and used at his first deposition and information related to those documents. The Government has never stated, suggested or implied that any other documents would be used during the additional deposition. Thus, Zoltek's assertion that the Government has failed to provide required discovery in the form of producing additional documents has no basis in fact.

### C. NONE OF ZOLTEK'S INTERROGATORIES REQUESTS THE GOVERNMENT TO EXPLAIN HOW THE GOVERNMENT'S DISCOVERY REQUESTS WILL ASSIST IN PROVING THE GOVERNMENT'S AFFIRMATIVE DEFENSES

Finally, Zoltek asserts that the Government should be required to explain how the additional inquiry will assist in proving the Government's affirmative defenses. Zoltek's request is fatally defective in that Zoltek has never promulgated an interrogatory requiring the Government to provide the information that Zoltek now seeks.

It is axiomatic that before one may move to compel a party to provide discovery, one must first have promulgated a proper interrogatory or request for documents to that party.[1] RCFC 37(a)(2)(B),(c) & (d). Absent such a request, a motion to compel is without basis.

Zoltek has not identified any discovery request that requires the Government to explain why it is seeking to depose witnesses. The discovery requests that Zoltek has identified as being relevant to its motion do not require the Government to provide the information relating to why the Government wishes to conduct additional discovery of Mr. Boyd. Read broadly, Zoltek's interrogatories only request legal theories relating to *previously asserted defenses*, not legal theories relating to *putative additional defenses* or to discovery strategy.

To be sure, such a discovery request, had it been proffered, would have been objectionable because it clearly invades the attorney work product doctrine. In requesting the Government to "explain how the resumed deposition of Mr. Boyd will assist the U.S. in proving

[1] Discovery in this case commenced prior to the promulgation of the current RCFC 37 on May 1, 2002. Thus, the provision of RCFC 37(a)(2)(A) relating to motions to compel required initial disclosures under RCFC 26(a) is inapplicable. In any event, the information that Zoltek seeks now is not responsive to any of the categories of information subject to mandatory early disclosure under RCFC 26(a).

any of their affirmative defenses," Zoltek asks that the Government divulge information that it has developed in the course of its own investigation. Such a disclosure clearly invades the attorney work product doctrine. To require the Government to provide such information would make it difficult, if not impossible, for the Government to prepare for trial. Taken to its logical conclusion, requiring the Government to amend its interrogatory answers every time it considers a defense would permit Zoltek access to the mental processes and investigative efforts of the Government's counsel.

### D. ZOLTEK'S COUNSEL IGNORES THE COURT'S DECEMBER 9 ORDER

In filing the present motion, Zoltek fails to acknowledge the court's Order of December 9, 2002. In that Order, the court considered and rejected Zoltek's arguments. By bringing the present motion after the court has considered those arguments, Zoltek only delays the deposition that the court has granted.

Zoltek's counsel also represent Mr. Boyd. On December 9, 2002, Government counsel contacted Zoltek's counsel by telephone and requested dates that would be convenient for Mr. Boyd to attend the ordered deposition. Zoltek's counsel stated that they had not received the court's November 27 Order, but wanted to consider filing the present motion. Government counsel provided Zoltek's counsel with a copy of the November 27 0rder by facsimile on December 9. In a voice mail message received by Government counsel on December 11, Zoltek's counsel stated that it intended to file the present motion and would do so either on December 13 or 16, 2002. On December 12, Government counsel received the court's December 9 Order and immediately forwarded a facsimile copy to Zoltek's counsel. *See* Exhibit 2.

Zoltek's counsel has not provided Government counsel with dates for the ordered deposition of Mr. Boyd and, obviously, does not intend to do so while this motion is pending. The effect of Zoltek's intransigence is that the Government is prevented from obtaining the discovery ordered by the court in a timely fashion.

The Government therefore requests that the court deny Zoltek's present motion and order Zoltek's counsel to provide the Government with at least five dates between January 7 and February 28, 2003 that would be convenient for Mr. Boyd to attend the ordered deposition. Further, the court should order Zoltek's counsel to provide those dates no later than January 6, 2003. It is now clear that the Government will only obtain the ordered discovery if the court forces Zoltek's counsel to comply with the court's December 9 Order.[2]

## CONCLUSION

The Government opposes Zoltek's request that the Government turn over its work product prior to the additional deposition of Mr. Boyd. Zoltek has provided the court with no authority for entering such an order. Further, Zoltek's contention that the Government has failed to amend its interrogatory responses is wrong as a matter of fact. The Government is not obligated to amend its responses because Zoltek has failed to demonstrate that the Government's responses

---

[2] We again acknowledge that Mr. Boyd is not a party, is not employed by Zoltek, and does not appear to have any economic stake in this litigation. We see no reason to burden Mr. Boyd. Zoltek's counsel, however, represents Mr. Boyd. We assume that such representation is provide by Zoltek because the factual information Mr. Boyd possesses was gained while he was employed by Zoltek's predecessor, Stackpole Fibers Company. The intransigence preventing compliance with the court's order is that of Zoltek's counsel, not Mr. Boyd. Thus, we seek the court's assistance only to compel the cooperation of Zoltek's counsel, and acknowledge that such an order should be designed to cause as little burden as possible to Mr. Boyd.

are incorrect. In any event, Zoltek made the same arguments before this court in response to the "Defendant's First Request Pursuant to RCFC 30(a)(2)(B) for Additional Examination of George P. Boyd," and the court rejected those arguments in its Order of December 9, 2002.

The Government requests that the court expeditiously deny Zoltek's present motion. Further, the Government requests that the court order Zoltek's counsel to provide the Government with five dates between January 6 and February 28, 2003, that are convenient for Mr. Boyd to attend the ordered deposition, and further order that Zoltek's counsel shall provide those dates not later that January 6, 2003.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

VITO J. DiPIETRO
Director

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tel: (202) 307-0342
Fax: (202) 307-0345
Attorneys for Defendant

December 23, 2002

# EXHIBIT 5

# In the United States Court of Federal Claims

No. 96-166 C

(Filed: July 16, 2003)

| | |
|---|---|
| ZOLTEK CORPORATION, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

A status conference was conducted today to discuss how this case would proceed in light of the parties' discovery deadline and pending motions before the Court. As discussed during that conference:

(1) Defendant's Motion For Partial Summary Judgment Pursuant to RCFC 56 With Respect To Silicon Carbide Fiber Sheet Products Used By the F-22 Program is DENIED. A written opinion setting forth the reasons for the Court's decision will follow;

(2) Zoltek's Motion to Compel Discovery Responses Regarding the Boyd Deposition is DENIED. If Plaintiff believes that Mr. Boyd is questioned about documents not already identified by the Government, it shall make its objections at that time;

(3) Zoltek's July 30, 2002 Motion to Compel Discovery is STAYED until the parties have reviewed the Court's decision on Defendant's Motion for Partial Summary Judgment with respect to the F-22 Program, a status conference has been conducted, and a time schedule for future proceedings

has been determined;

(4) The Court shall enlarge the time period for discovery in this case from July 16, 2003 until January 16, 2004;

(5) The joint status report, scheduled to be filed on or before July 23, 2003, shall now be filed on or before January 23, 2004. Counsel shall provide, via facsimile or e-mail to damich_chambers@ao.uscourts.gov, a copy of the joint status report to Chambers the day the report is filed;

(6) The status conference scheduled for August 14, 2003 at 2:00 p.m. Eastern Time is cancelled and shall be rescheduled by Chambers at a later date.

Edward J. Damich
EDWARD J. DAMICH
Chief Judge