IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, Plaintiff, | ) | No. 96-166C |
| v. | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, Defendant. | ) | |

**MOTION BY THE UNITED STATES TO SUBMIT *IN CAMERA* THE DECLARATION OF THE GOVERNMENT'S COUNSEL IN SUPPORT OF THE GOVERNMENT'S OPPOSITION TO ZOLTEK'S MOTION FOR SANCTIONS**

The United States hereby moves for leave to submit *in camera* an eleven-page declaration of counsel for the United States in support of the Government's opposition to Zoltek's motion for sanctions. The declaration of counsel is necessary to respond to Zoltek's contention as to Government counsel's state of mind and intent.

In its motion, Zoltek asserts: "The Government coyly responded that it was not sure whether it would be using these documents until it completed the further deposition of Mr. Boyd (Ex. 4, A13). That assertion was specious when made and it remains specious today." Zoltek's Br. at 5. Zoltek further asserts: "The obvious motive was to severely prejudice Zoltek in its ability to defend against the Government's allegation of invalidity." *Id.* at 8. Thus, Zoltek seeks to put Government's counsel's motivation, integrity and truth in question. The Government, therefore, must answer these allegations.

The decision whether to review declarations or documents *ex parte* and *in camera* in preliminary proceedings is a matter within the sound discretion of the court. *United States v. Zolin*, 491 U.S. 554, 565 & n.9, 572 (1989) (discussing *in camera* inspection for purpose of determining whether matter is privileged); Fed. R. Evid. 104. And while *in camera* inspections should not be commonplace, "they are by no means forbidden or without real usefulness in particularized circumstances." *John Doe Corp. v. United States*, 675 F.2d 482, 490 (2d Cir. 1982). Generally, courts have employed *in camera* review in situations like *Zolin* and *John Doe Corp.*, to determine whether the matter that is subjected of the review is privileged. But courts are not limited to use of *in camera* review solely for that purpose. *See*, *e.g.*, *Hooters of Am. v. Phillips*, 39 F. Supp. 2d 582, 591 (D. S. C. 1998) (permitting *in camera* review of counsel's declaration to provide background information relating to employers assertion that employee's sexual harassment claim should be resolved by arbitration under employee grievance arbitration program). As explained below, the present case is also the type of "particularized situation"for which *in camera* review of counsel's declaration is appropriate.

In order to demonstrate the reasonableness of its actions with respect to the production of the Moraveck declaration, counsel must discuss the Government's trial strategy and counsel's impressions as to how the CAAP Company coating relates to this case. These discussions clearly fall within the RCFC 26(b)(2), which requires the Court to protect mental impressions, conclusions, opinions or theories of counsel from disclosure during discovery.

A party should not be forced to forgo the protection of RCFC 26(b)(2) in order to defend itself against a claim of improper behavior. If all that was required to gain access to an opponent's mental impressions, conclusions, opinions or theories was to file a sanctions motion,

the protection of Rule 26(b)(2) could be rendered meaningless. Conversely, if a charged party must elect between defending itself and protecting its counsel's mental impressions, conclusions, opinions or theories, sanctions motions could easily become a tool of oppression.

In order to fully defend itself in this instance, the Government must submit the declaration of its counsel to explain counsel's mental impressions, conclusions and opinions regarding the information contained in Moraveck declaration. Further, counsel explains how that declaration relates to the Government's trial strategy and theories of the case.

Finally, it is particularly important in this case to protect the mental impressions, conclusions, opinions or theories of counsel since discovery is still open and no trial date has been set. Thus, allowing access to counsel's mental impressions, conclusions, opinions or theories would provide invaluable information to Zoltek's counsel, allowing Zoltek to plan its strategy with full knowledge of the Government's theories and strategy.

Wherefore, the Government requests that the Court authorize the submission of the declaration of counsel for the United States for *in camera* inspection by the Court.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/*Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345
Attorneys for the United States

December 19, 2005