IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, Plaintiff, | ) | |
| v. | ) | No. 96-166C |
| THE UNITED STATES, Defendant. | ) | Chief Judge Edward J. Damich |

**MOTION FOR LEAVE TO FILE A SUR-REPLY**
**OR, IN THE ALTERNATIVE, TO STRIKE**
**ZOLTEK'S REPLY**

The United States hereby moves for leave to file a Sur-Reply to Zoltek's Reply to the Opposition of the United States to Zoltek's Motion for Sanctions under Rule 37(c) [Docket Nos. 308 & 309]. In its Reply, Zoltek raises new arguments that it had not presented in its original motion.

First, Zoltek now contends that "the Government has withheld responsive documents before." Zoltek's Reply Br. in Support of its Mot. for Sanctions Under Rule 37 ("Zoltek's Reply") at 15. In support of this contention, Zoltek presents 25 pages of new exhibits and almost two pages of argument. *Id.* at 15-16, Exhibits 13-16 at A179-204. The substance of Zoltek's contention is that Government counsel improperly withheld information at some time prior to October 17, 2001 and that the withholding came to light on that date. Zoltek's Reply at 15. Zoltek did not raise this contention in its opening brief, even though the allegations arose over

four years earlier. Now, after the Government has responded to the motion, Zoltek raises this new allegation of misconduct.

Second, Zoltek now claims that it has been harmed because "Zoltek may now be required to take the deposition of its own inventor, Mr. Boyd, which it did not intend to do." Zoltek Reply at 14. Zoltek had not relied on this alleged harm as a reason for granting the pending motion in its principal brief, and therefore the Government has never had an opportunity to address this complaint.

In its Reply, Zoltek further concedes that eleven of its 13 grounds for sanctions were unfounded. Zoltek specifically drops its assertions regarding parts (a), (c) (d) and (e) of Interrogatory No. 3 of Zoltek's first set of interrogatories and its assertions regarding Requests for Production No. 1-6, 9 and 10 of Zoltek's first set of document requests. *See* Zoltek's Reply at 3 n.1. The net result of Zoltek's concessions and new arguments is a dramatic shift in Zoltek's request for sanctions. Zoltek now attempts to shift the focus away from the substance of the Government's responses and instead catagorize the Government's conduct as a continuing course of conduct that must be stopped even without proof of any underlying wrongdoing.

The Government should be allowed to answer these new allegations. Zoltek again makes serious allegations of misconduct against opposing counsel. While the allegations are baseless, Government counsel must once again gather the facts and provide a declaration to the court in order to address its conduct and the extant facts. In the alternative, should the Court be inclined to deny the Government a Sur-Reply, we would request that the Court not consider Zoltek's Reply in deciding the present motion. Such action would remove the unfairness presented by Zoltek raising new arguments in its Reply and would represent a minor sanction to Zoltek. *See*

*Pleasant Country, Ltd. v. United States*, 37 Fed.Cl. 321, 325 n.5 (Fed. Cl. 1997) ("Defendant made new arguments and attached additional exhibits to its reply brief …. Plaintiff did not have an opportunity to respond to these additional arguments and exhibits. The court decided against protracting the briefing period and therefore does not consider them in rendering its decision.").

The Government will be prepared to serve a Sur-Reply no later than February 3, 2006.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ *Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345
Attorneys for the United States

January 23, 2006