# In the United States Court of Federal Claims

No. 96-166 C
(Filed: April 12, 2006)
(Reissued for Publication: April 24, 2006)*

| | | |
|---|---|---|
| **ZOLTEK CORPORATION**, Plaintiff, | | RCFC 26(e)(2); RCFC 37(c)(1); sanctions; duty to amend discovery responses; interrogatories; requests for production |
| v. | | |
| **THE UNITED STATES**, Defendant. | | |

*Dean A. Monco* and *John S. Mortimer*, Chicago, IL, for Plaintiff.

*Gary L. Hausken*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General; and *John Fargo*, Director.

## OPINION AND ORDER

**DAMICH**, Chief Judge.

## I. Introduction

Pending before the Court is the Motion for Sanctions by Zoltek Corp. ("Zoltek"). In its motion, Zoltek asserts that the government failed to amend its responses to Zoltek's First and Second Sets of Interrogatories (specifically Interrogatories Nos. 3 and 11) and its First and Second Requests for Production of Documents (specifically Requests for Production Nos. 1-5, 9, 10, and 12) as required by Rule 26(e)(2) of the Rules of the U.S. Court of Federal Claims

* Redacted material is indicated by brackets ([ ____ ]).

("RCFC") by not providing the declaration of Mr. James F. Moraveck, and attachments thereto, until after the second deposition of Mr. George P. Boyd.[1] Consequently, Zoltek contends that RCFC 37(c)(1) mandates that the evidence be excluded. Zoltek requests the Court to exclude any declaration or attachment thereto, deposition testimony or trial testimony of Mr. Moraveck. In addition, or alternatively, Zoltek requests the Court to award costs including reasonable attorney's fees for bringing the instant motion or to provide other relief the Court deems appropriate. For the reasons set forth below, Plaintiff's motion is DENIED IN PART and GRANTED IN PART.

## II. Background

Zoltek, Corp. brought this suit against the government, claiming infringement of U.S. Patent No. Re. 34,162 ("the '162 patent"). Compl. ¶ 7. In its answer to the complaint, the government asserted the affirmative defense: "U.S. Patent No. Re. 34,162 is invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 102 and/or § 103." Answer ¶ 10.

During discovery, Zoltek served a First and a Second Set of Interrogatories on the government. Interrogatory Nos. 3(a), (c), (d), and (e) of the First Set of Interrogatories requests the government to:

> (a) Explain in detail how the U.S. first became aware of carbon fiber technology, as that term is defined in Sections H and I of the Definitions and Instructions herein.
> (c) For each weapon, weapon system, object, or item employing Stealth technology, identify each supplier and the dates when each supplier began supplying each weapon, weapon system, item, or object to the U.S.
> (d) Identify the three most knowledgeable individuals from each supplier with whom the U.S. interacted in procuring each and every weapon, weapon system, item, or object employing Stealth technology which was purchased, used or sold by the U.S.
> (e) Identify all documents relating to each subpart of this interrogatory.

Mot. Ex. 7 at A140. The phrases "carbon fiber technology" and "Stealth technology" are defined in the First Set of Interrogatories:

> H. The term "carbon fibers" refers to any carbon fibers having generally uniform, controlled electrical surface resistivity.

---

[1] Mr. Boyd is the inventor of the patent at issue. Mr. Moraveck is the President of CAAP Co., which produced a spray-on coating that comprises carbon fiber.

I. The terms "carbon fiber products," or "carbon fiber technology" include any product, weapon, weapons system, object, or any other item having as part of its structure or composition carbon fibers having generally uniform controlled electrical surface resistivity.

J. The term "Stealth" or "Stealth technology" refers to and includes any weapon, weapon system, item or object comprising in whole or in part carbon fibers or carbon fiber products as defined in Sections H and I, supra, so as to render the weapon, weapon system, item, or object in whole or in part, radar absorbing for purposes of avoiding detection.

Opp'n Ex. B at A7-A8. Interrogatory No. 11 of the Second Set of Interrogatories requests the government to:

(a) Identify each and every basis, both factual and legal, for Defendant U.S.'s statement in Paragraph 10 of its Affirmative Defense in its Answer to ZOLTEK's Complaint that ZOLTEK U.S. Patent No. Re 34,162 is invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 102 and/or § 103.

(b) Identify all witnesses having factual knowledge regarding Defendant U.S.'s answer to subpart 11(a) supra.

(c) Identify all documents, specifically including prior art references, supporting every factual and legal basis in 11(a) supra.

Mot. Ex. 9 at A159.

During discovery, Zoltek also served a First and a Second Request for Production of Documents and Things on the government. Requests for Production Nos. 1-5, 9, and 10 of the First Request for Production are as follows:

No. 1 – Any document or thing identified in any of the U.S.'s responses to ZOLTEK's First Set of Interrogatories, and any document or thing the identification of which is requested in ZOLTEK's First Set of Interrogatories.

No. 2 – All non-classified documents from 1984-present regarding Stealth technology.

No. 3 – All documents from 1984-present regarding the use of carbon fibers in Stealth technology.

No. 4 – All documents and things from 1984-present relating to the

process or method of manufacturing carbon fibers used in Stealth technology.

No. 5 – All documents from 1984-present relating to carbon fibers from any suppliers of any weapon, weapon system, item, or object employing Stealth technology.

No. 9 – All documents from 1984-present relating to requirements and/or specifications for each and every weapon, weapon system, item, or object employing Stealth technology.

No. 10 – All documents relating to the cost to the U.S. of each and every weapon, weapon system, item, or object employing Stealth technology for the years 1984-present.

Mot. Ex. 8 at A145-A149, A153-A154. Request for Production No. 12 of the Second Request for Production requests:

No. 12 – Any and all documents and/or things identified in any of the U.S.'s responses to ZOLTEK's Second Set of Interrogatories or used to prepare responses to Zoltek's Second Set of Interrogatories, and any document or thing the identification of which is requested in ZOLTEK's Second Set of Interrogatories, served simultaneously herewith.

Mot. Ex. 10 at A166.

In response to Defendant's requests for production of documents, Zoltek produced a document signed by Mr. George P. Boyd, the named inventor on the '162 patent, noting a sale of chopped carbon fiber from Stackpole Fibers Co. ("Stackpole"), Mr. Boyd's employer at the time, to CAAP Co. ("CAAP") on February 3, 1982, notably more than one year prior to the February 20, 1990, filing date of the '162 patent application. Opp'n Ex. H.

On December 5-6, 2001, the government took the deposition of Mr. Boyd. Mot. at 1-2. During the deposition, the government asked Mr. Boyd about the sale of chopped fiber to CAAP. Opp'n at 3. Subsequent to that deposition, the government located Mr. Moraveck, the president and cofounder of CAAP, and, on November 4, 2002, Mr. Moraveck provided a declaration to the government, discussing the source and purchase of carbon fibers by CAAP for production of antistatic radome coatings for use on the F-16 aircraft. Opp'n at 6; Mot. Ex. 6. Two weeks later, on November 18, 2002, the government requested leave of court to take an additional examination of Mr. Boyd to question him "relating to information recently discovered by Government counsel." Mot. Ex. 1. The Court granted the government's request on November 27, 2002. Mot. Ex. 2.

On December 19, 2002, prior to the second deposition of Mr. Boyd, Zoltek filed a motion to compel the government to produce the documents that formed the basis for the further

examination of Mr. Boyd and to supplement discovery responses to Zoltek's interrogatories to the extent the documents relate to the government's affirmative defenses. Mot. Ex. 3. The Court denied Zoltek's motion on July 16, 2003. Mot. Ex. 5. In its decision, the Court stated that "[if] Plaintiff believes that Mr. Boyd is questioned about documents not already identified by the Government, it shall make its objections at that time." *Id.*

Zoltek requested that the second deposition of Mr. Boyd coincide with inspection by Zoltek's expert of the carbon fiber sheets in the possession of the government. Opp'n Ex. L at A78. Due to scheduling delays, Mr. Boyd's deposition did not take place until October 26, 2005. Opp'n at 18-19. The following day, the government delivered to Zoltek the November 2, 2002, declaration of Mr. Moraveck and sixteen attached exhibits. Mot. at 2-3.

It is that declaration which is the subject of this motion. In the motion, Zoltek contends that the information contained in the declaration of Mr. Moraveck, and in the attachments thereto, is responsive to Zoltek's prior interrogatories and requests for production of documents. Because the government failed to supplement its responses to the interrogatories and document requests pursuant to RCFC 26(e)(2) by timely providing the Moraveck declaration to Zoltek, the government should be sanctioned under RCFC 37(c)(1). Zoltek requests that the Court exclude the declaration of Mr. Moraveck, the attachments thereto, and any trial testimony of Mr. Moraveck. Zoltek also asks the Court to award Zoltek reasonable expenses for bringing the motion, including attorney's fees, and any other relief the Court deems appropriate.

On January 23, 2006, Defendant filed a motion for leave to file a sur-reply, alleging that Plaintiff made two new arguments in its reply which had not previously been made in the motion. Defendant's motion for leave was granted on February 1, 2006, and Defendant filed its sur-reply on February 9, 2006.

## III. Discussion

### A. Failure to Amend Response Under RCFC 26(e)(2)

Rule 26(e)(2) provides:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The rule is identical to Rule 26(e)(2) of the Federal Rules of Civil Procedure ("FRCP") and interpretation of the federal rule is probative. *Wheeler v. United States*, 11 F.3d 156, 157 n.1 (Fed. Cir. 1993); *Widdoss v. Sec'y of the Dep't of Health & Human Servs.*, 989 F.2d 1170, 1178

n.7 (Fed. Cir. 1993); *Aleut Tribe v. United States*, 702 F.2d 1015, 1020 n.10 (Fed. Cir. 1983). The 1993 amendment to FRCP 26(e) expanded the duty to supplement disclosure and discovery responses as compared to earlier versions of the rule. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (2d ed. 1994 & Supp. 2005); *see Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998). The duty to supplement applies to interrogatories, requests for production, and requests for admission. RCFC 26(e)(2); FRCP 26(e)(2); 6 James Wm. Moore et al., Moore's Federal Practice § 26.131[1], at 26-300 (3d ed. 2005). In analyzing the duty to amend a discovery response pursuant to RCFC 26(e)(2), this Court must consider: (1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the government knew that the response was incomplete; and (4) whether the corrective information was otherwise made known to Plaintiff through the discovery process or in writing. *Tritek Technologies, Inc. v. United States*, 63 Fed. Cl. 740, 746-747 (2005).

### 1. Prior Response

Plaintiff asserts that Defendant's only response to the First Set of Interrogatories and First Request for Production of Documents and Things was on October 11, 1996, and its only response to the Second Set of Interrogatories and Second Request for Production of Documents and Things was on April 14, 1997. Defendant maintains that in addition to its original response to the First Set of Interrogatories on October 11, 1996, Defendant provided supplemental responses on October 28, 1996, November 26, 1996, December 16, 1996, and July 15, 1997, and Defendant provided a completely amended response on September 15, 1998. Hence, although the Parties disagree as to the extent of the prior response, the Parties nonetheless agree that there was a prior response.

### 2. Materially Incorrect or Incomplete

The duty to supplement is a continuing duty, and no additional interrogatories by the requesting party are required to obtain the supplemental information—rather, the other party has an affirmative duty to amend a prior response if it is materially incomplete or incorrect. 6 James Wm. Moore et al., Moore's Federal Practice § 26.131[3], at 26-302.1 (3d ed. 2005); *see Pasant v. Jackson Nat'l Life Ins. Co.*, 137 F.R.D. 255, 256-258 (N.D. Ill. 1991). The Court of Appeals for the Federal Circuit has found information to be material when the failure to disclose the information in an amendment to a discovery response may have prejudiced the other party. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205 (Fed. Cir. 2005).

Plaintiff contends that the attachments to the Declaration of Mr. Moraveck should have been produced in response to Plaintiff's First Set of Interrogatories (specifically Interrogatory No. 3, parts (a), (c), (d), and (e)) and Plaintiff's First Request for Production of Documents regarding the use of carbon fibers in Stealth technology (specifically Requests for Production Nos. 1-5, 9, and 10). Defendant rebuts that its response did not become materially incomplete or incorrect. In response to Interrogatory No. 3(a), Defendant answered that it first became aware of carbon fiber technology at a symposium in 1975. Nothing in the Moraveck Declaration predates 1975,

and hence Defendant was completely responsive to Interrogatory No. 3(a). Interrogatory No. 3, parts (c) and (d) were directed to weapons or objects employing Stealth technology which, according to Plaintiff's own definition, must absorb radar for the purpose of avoiding detection. Because radomes function to allow passage of radar, the antistatic coatings produced by CAAP necessarily do not absorb radar. Opp'n at 7. Therefore, Defendant argues that the declaration of Mr. Moraveck and attachments thereto were not responsive to Interrogatory No. 3, parts (c) and (d). Interrogatory No. 3(e) required identification of documents relating to the other subparts of Interrogatory No. 3, and Request for Production No. 1 required production of documents relating to the First Set of Interrogatories, of which only Interrogatory No. 3 is relevant to this dispute. Because Defendant was under no obligation to amend its response to Interrogatory No. 3, parts (a), (c) or (d), it was likewise not required to amend its response to Interrogatory No. 3(e) or Request for Production No. 1. Similarly, Defendant contends that Requests for Production Nos. 2-5, 9, and 10 requested documents related to carbon fibers, methods of making carbon fibers, and weapons and objects employing Stealth technology. Because the antistatic coatings produced by CAAP do not absorb radar, the declaration of Mr. Moraveck and attachments thereto are not responsive to the Requests for Production and Defendant was under no obligation to amend its response. In its reply, Plaintiff withdrew this portion of the basis for its Motion for Sanctions. Reply at 3 n.1. Therefore, the Court deems this portion of the motion for sanctions to be moot.

Plaintiff asserts for the first time in its reply that Defendant has withheld documents responsive to Plaintiff's interrogatories or document requests in the past. In particular, Plaintiff points out that on October 17, 2001, Defendant took the deposition of Jozef Venner of BASF Corp. ("BASF"). During the cross-examination, Defendant presented three documents—two BASF specification sheets for carbon fibers and a presentation by BASF's marketing group promoting the fibers—all of which were responsive to Plaintiff's discovery requests and should have been produced to Plaintiff as a supplemental response to Requests for Production Nos. 2-5. Defendant contends in its sur-reply that none of the three documents discuss the use of carbon fibers in weapons or objects employing Stealth technology, and hence the documents were not responsive to Plaintiff's Requests for Production Nos. 2-4. Further, as BASF is not a supplier of weapons or objects employing Stealth technology, the documents were not responsive to Plaintiff's Request for Production No. 5. The Court agrees that the documents are not responsive to Plaintiff's discovery requests, and hence Defendant was under no duty to amend its responses to include the documents.[2]

---

[2] It is presumed by the Court that Plaintiff's purpose in raising the alleged 2001 violation of the discovery rules is to show a pattern of behavior to strengthen its case that sanctions be imposed against Defendant for the alleged 2005 violation, and not to ask the court's relief for the 2001 violation alone since it occurred more than five years ago. Nonetheless, the Court finds that the 2001 documents are not responsive to Plaintiff's Requests for Production Nos. 2-5 for much the same reasons that the Moraveck documents are not responsive to Plaintiff's Requests for Production Nos. 2-5, as set forth above, and hence Defendant's failure to disclose the 2001 documents does not boost Plaintiff's case for sanctions.

Plaintiff further contends that the attachments to the declaration of Mr. Moraveck should have been produced in response to Plaintiff's Second Set of Interrogatories (specifically Interrogatory No. 11), regarding the factual and legal bases for Defendant's assertion of invalidity of the '162 patent under 35 U.S.C. § 102 and/or 103, and Plaintiff's Second Request for Production (specifically Request for Production No. 12), requesting documents identified in response to the Second Set of Interrogatories. Defendant contends that Interrogatory No. 11 requested Defendant to provide information, including witnesses and documents, pertaining to the bases for the affirmative defense of paragraph 10 of the answer to the complaint. Any affirmative defense that Defendant would have developed based on the declaration of Mr. Moraveck was, according to Defendant, formed after the answer and therefore the declaration and attachments were not responsive to the interrogatory. Request for Production No. 12 required production of documents relating to the Second Set of Interrogatories, of which only Interrogatory No. 11 is relevant to this dispute. Because Defendant was under no obligation to amend its response to Interrogatory No. 11, Defendant thus avers, it was likewise not required to amend its response to Request for Production No. 12. Defendant's argument is contrived. The affirmative defense of invalidity due to anticipation or obviousness most certainly encompasses reliance on other prior art than what was on hand at the time of drafting the answer. *See*, *e.g.*, *Transclean Corp. v. Bridgewood Services, Inc.*, 101 F. Supp. 2d 788, 797-798 (D. Minn. 2000). A proper response to Plaintiff's interrogatory cannot reasonably be limited only to those defenses that Defendant had in mind at the time it wrote the affirmative defense. If so, then the supplementation requirement would be rendered meaningless.

Plaintiff contends that Defendant did not develop a new defense, but rather that Defendant discovered new evidence to support the same defense—namely, the defense of invalidity under 35 U.S.C. § 102 and/or 103. Two of the documents attached to the declaration of Mr. Moraveck specifically identified Mr. Boyd, and Defendant was clearly intending to rely on the declaration and attachments to establish invalidity. Plaintiff's argument has merit. The Court finds the holding of the court in *Transclean* to be sound. In *Transclean*, the patent holder served an interrogatory on the alleged infringer, requesting: "State all facts and identify all documents on which you base your claim that the '080 Patent is invalid and/or void." *Transclean*, 101 F. Supp. 2d at 797. The court found that the infringer failed to supplement that interrogatory during the discovery period when it withheld from the patent holder ten prior art items on which it intended to rely to prove the invalidity of the patent. *Id*. at 797-798.

Defendant asserts that Interrogatory No. 11 invades the work product exemption provided by RCFC 26(b)(3) to the extent that Plaintiff requests Defendant to disclose its legal theories or thought processes. Defendant contends that it has repeatedly objected to the interrogatory for that reason. RCFC 26(b)(3) protects against disclosure of "mental impressions, conclusions, opinions, or legal theories." According to Defendant, disclosure of the declaration of Mr. Moraveck prior to the second deposition of Mr. Boyd would necessarily have revealed Defendant's thought processes and thus obviated the protection of the rule. Plaintiff counters that the purpose of requiring Defendant to provide the legal and factual bases for its affirmative

defenses is to guard against "trial by ambush." Even if Defendant can protect its legal theories, the facts and documents supporting its legal theories are clearly discoverable. The Court agrees. The documents that are attached to the declaration of Mr. Moraveck, and which are the subject of this dispute, are evidence, not legal theories. Because the documents are indeed responsive to Plaintiff's interrogatories or requests for production, Defendant is under a duty to provide them as a supplement to its responses to those interrogatories and/or requests for production.

However, Plaintiff's argument that Defendant needs to supplement its responses to guard against trial by ambush is somewhat overstated. The Advisory Committee notes that "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Advisory Committee Notes, 1993 Amendment, reprinted in Thomson/West, Federal Judicial Procedure and Rules at 163 (2005); *see* 6 James Wm. Moore et al., Moore's Federal Practice § 26.131[3], at 26-302.2 (3d ed. 2005). The purpose of the rule is to guard against disclosures just prior to trial, and hence to prevent trial by ambush. *See Derby v. Godfather's Pizza, Inc.*, 45 F.3d 1212, 1215 (8th Cir. 1995); *Transclean*, 101 F. Supp. 2d at 797. Supplemental discovery material that is provided much too close to trial may be excluded. *Grassi v. Information Resources, Inc.*, 63 F.3d 596, 603 (7th Cir. 1995). In this case, a trial date has not been set and fact discovery is not yet complete. Nonetheless, the Court finds Defendant's failure to disclose the documents for over three years to be excessive. Therefore, Defendant's response did become materially incomplete or incorrect with respect to Interrogatory No. 11 and Request for Production No. 12.

**3. Government Knowledge that Response Incomplete**

Plaintiff argues that Defendant was well aware of the need to correct or complete its prior response. Plaintiff specifically requested, in its December 19, 2002, motion to compel, that Defendant provide the documents that it intended to use during the second deposition of Mr. Boyd. Plaintiff further requested that Defendant amend its response to the Second Set of Interrogatories and Second Request for Production of Documents and Things to the extent the documents pertained to factual or legal bases for Defendant's affirmative defenses. The Court agrees that Defendant must have been aware of the pertinence of the documents attached to Mr. Moraveck's declaration to its affirmative defense of invalidity under 35 U.S.C. § 102 and/or 103. Hence, Defendant was on notice that the response to Interrogatory No. 11 and Request for Production No. 12 was incomplete.

**4. Corrective Information Otherwise Made Known to Plaintiff**

Defendant was in violation of RCFC 26(e)(2) by its failure to disclose to Plaintiff the documents attached to the declaration of Mr. Moraveck until three years after receiving the documents, unless the information contained in the documents was otherwise made known to Plaintiff through the discovery process or in writing. Plaintiff contends that it had no knowledge of Mr. Moraveck, CAAP, or the documents until they were provided by Defendant on October

27, 2005, and Plaintiff was not aware that Defendant was obtaining information from Mr. Moraveck. Defendant counters that Plaintiff's counsel was present at the December 2002 deposition of Mr. Boyd, and heard Mr. Boyd's testimony regarding production by CAAP of a spray-on carbon fiber material. Furthermore, Plaintiff produced a document showing sale of chopped fiber to CAAP more than one year before the filing of the '162 patent application. Hence, according to Defendant, Plaintiff could have obtained the same documents with a little initiative. Although the "otherwise made known" standard of RCFC 26 may be met where disclosure of the information in question is clear and unambiguous, the standard is not satisfied where the disclosure is not sufficiently clear. *Tritek*, 63 Fed. Cl. at 748. Here, Mr. Boyd's initial deposition by Defendant did not clearly or unambiguously elicit the information contained in the Moraveck declaration and attachments nor did it so plainly suggest to Plaintiff that it should have sought the Moraveck information in its own discovery. There is insufficient evidence that the documents were otherwise made known to Plaintiff through the discovery process. Hence, by failing to disclose the documents that were attached to the declaration of Mr. Moraveck, Defendant's response to Interrogatory No. 11 and Request for Production No. 12 became materially incomplete or incorrect, and thus Defendant was in violation of RCFC 26(e)(2).

**B. Imposition of Sanctions Under RCFC 37(c)(1)**

A violation of RCFC 26 may result in court-imposed sanctions under RCFC 37. RCFC 37(c)(1) states in relevant part:

> A party that without substantial justification fails to . . . amend a prior response to discovery as required by RCFC 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under RCFC 37(b)(2)(A), (B), and (C).

This rule is almost identical to FRCP 37(c)(1), and interpretation of the federal rule informs the Court's analysis of RCFC 37(c)(1). *See* RCFC 37, rules committee note, 2002 Revision. Plaintiff contends that exclusion of the declaration of Mr. Moraveck, the attachments thereto, and any trial testimony of Mr. Moraveck is not only warranted but is mandated by RCFC 37(c)(1). Circuit courts applying the federal rule have held that the sanction of exclusion is automatic and mandatory unless the party violating FRCP 26 shows that the violation was justified or harmless. *See Tritek*, 63 Fed. Cl. at 750; *Dickenson v. Cardiac & Thoracic Surgery of E. Tennessee*, 388 F. 3d 976, 983 (6th Cir. 2004); *Primus v. United States*, 389 F.3d 231, 234-235 (1st Cir. 2004); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 n.2 (4th Cir. 2003); *David v. Caterpillar*, 324 F.3d 851, 856-857 (7th Cir. 2003). FRCP 37 was amended to extend

application of the sanction of exclusion to violations under FRCP 26(e)(2). *See* Advisory Committee Notes, 2000 Amendment, *reprinted in* Thomson/West, Federal Civil Judicial Procedure and Rules at 200 (2005). For the reasons set forth above, Defendant failed to amend a prior response to discovery as required by RCFC 26(e)(2). In particular, Defendant failed to supplement its response to Interrogatory No. 11 and Request for Production No. 12. Hence, exclusion would be automatic unless there is a showing by Defendant that the violation is justified or harmless.

The burden is on the violating party to prove that the violation was justified or harmless. *Tritek*, 63 Fed. Cl. at 750 (2005); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995); *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 691 n.29 (M.D. Ala. 2000). The factors that have been considered by courts in determining whether sanctions are warranted for failure to supplement include: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence. *See Tritek*, 63 Fed. Cl. at 750; *S. States Rack & Fixture,* 318 F.3d at 596-597; *David*, 324 F.3d at 857; *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 269 (2d Cir. 1999); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989). The first four factors relate largely to the harmlessness exception, whereas the explanation for the failure to disclose relates to the justification requirement. *S. States Rack & Fixture*, 318 F.3d at 596-597. Whereas some circuits interpreting FRCP 37(c)(1) have included bad faith or willfulness as a factor, *David*, 324 F.3d at 857; *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Newman v. GHS Osteophathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995), other circuits have not considered bad faith in the analysis of imposition of the sanction of exclusion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Reilly*, 181 F.3d at 269; *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998); *Bradley*, 866 F.2d at 125. The plain language of the rule does not impose a requirement of a finding of bad faith. The Fourth Circuit has declined to consider bad faith as a distinct factor in the analysis, instead choosing to subsume it into the justification requirement in analyzing the explanation for the party's failure to disclose. *S. States Rack & Fixture*, 318 F.3d at 598. This Court finds the Fourth Circuit's analysis to be sound and adopts it.

**1. Unless Failure is Harmless**

a. Importance of the Information

Plaintiff argues that the declaration of Mr. Moraveck and attached documents are important evidence in that Defendant presumably intends to use the information in establishing the invalidity of the '162 patent. Defendant, in its *in camera* declaration, de-emphasizes the value of the documents. Nonetheless, the fact that Defendant ultimately produced the documents

to Plaintiff is itself an acknowledgment of their importance. Any documents relevant to the validity of the underlying patents in an infringement suit are necessarily of great importance to the litigation. Hence, it is clear beyond cavil that the Moraveck documents withheld by Defendant meet this test.

b. Surprise or Prejudice to the Party

The court may exclude the evidence, or testimony thereto, if the failure to disclose the evidence causes prejudice to the party. *Valdespino v. Alamo Heights Independent School Dist*., 168 F.3d 848, 855 (5th Cir. 1999); *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 364 (1st Cir. 1998); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 764 (5th Cir. 1989). In contrast, where there is no surprise or prejudice to the other party by the failure to supplement discovery responses, exclusion of testimony or documents is unnecessary. *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 9-10 (1st Cir. 2001); *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1177-1178 (10th Cir. 2001); *Hauschild v. United States*, 53 Fed. Cl. 134, 141 (2002); *Chapple v. State*, 174 F.R.D. 698, 701 (M.D. Ala. 1997).

Plaintiff contends that it had no knowledge of the existence of Mr. Moraveck, and that none of the documents attached to the declaration of Mr. Moraveck were provided to Plaintiff until the day after the second deposition of Mr. Boyd. According to Plaintiff, Defendant's failure to provide the documents in advance of the deposition should be presumed prejudicial to Plaintiff in its ability to defend against Defendant's claim of invalidity under 35 U.S.C. § 102 and 103. Plaintiff may now be required to modify its litigation strategy to take yet another deposition of Mr. Boyd. This type of "trial by ambush" is strictly prohibited by Rule 37(c)(1). Defendant responds that Plaintiff has not demonstrated any actual harm, rather that Plaintiff only states that it "may" need to depose Mr. Boyd. Furthermore, Defendant asserts that any harm suffered by Plaintiff is from the production of the documents not from the withholding of the documents.[3] It is hard to make sense of Defendant's argument. Clearly it is the delay in the production of the documents that has prejudiced Plaintiff. While Plaintiff has not yet assessed the exact harm that has resulted from the failure to produce the documents attached to the declaration of Mr. Moraveck, there is no question that the production of the documents will require Plaintiff to have to reevaluate its litigation strategy. Defendant's decision to wait until after the deposition of Mr. Boyd will force Plaintiff to have to decide whether or not to redepose Mr. Boyd, something which could have been avoided were Plaintiff privy to the documents prior to Mr. Boyd's deposition. Hence, the Court agrees that Plaintiff has been prejudiced by Defendant's delay in

[3] Defendant further argues that Plaintiff's delay until now in complaining about Defendant's alleged failure to provide documents in October 2001 is clear evidence that Plaintiff has suffered no harm, especially since one of the withheld documents has been filed by Plaintiff in this Court in support of two prior motions. As discussed *supra*, however, the Court views the import of the alleged 2001 discovery violations as evidence justifying the imposition of sanctions based on the alleged 2005 violations, not as evidence upon which Plaintiff independently requests sanctions.

producing the documents.

c. Likelihood of Disrupting the Trial

Defendant argues that any error by Defendant is harmless because discovery is still open, the date for pretrial submission has not been established, and the trial has not been scheduled. Plaintiff is free to take additional discovery; hence there is no trial by ambush. Exclusion of the evidence has been upheld where disclosure of the evidence to the other party occurred after the close of discovery or just before trial. *Alldread v. City of Grenada*, 988 F.2d 1425, 1436 (5th Cir. 1993); *Thibeault v. Square D Co.*, 960 F.2d 239, 246-247 (1st Cir. 1992); *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992); *Grassi*, 63 F.3d at 603; *Cong. Air, Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 517 (D. Md. 1997). In contrast, exclusion has been found to be unwarranted where the delay in disclosure is harmless. *See*, *e.g.*, *Eng'r Products Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1004-1006 (N.D. Iowa 2004) (finding that alleged patent infringer's delay in disclosing expert witness that would testify regarding double patenting defense was harmless because other party had time to depose the witness, and therefore the delay did not warrant exclusion of the testimony at trial). Fact discovery in this case is scheduled to conclude on June 30, 2006, and a date for close of all discovery and a trial date have not yet been set.[______________________________________________________________________________________________________________] Defendant is correct in that there is no danger of trial by ambush. Hence, exclusion of the evidence is not warranted based on a likely disruption to the trial.

d. Possibility of Curing the Prejudice

Exclusion may be appropriate where there is no possibility of curing the prejudice. *See*, *e.g.*, *Astrazeneca AB v. Mutual Pharmaceutical Co.*, 278 F. Supp. 2d 491, 506-510 (E.D. Pa. 2003) (finding exclusion to be proper where a patentee was prejudiced by the late disclosure of a prior art reference and it was too late to cure the prejudice because expert reports were already completed). Even where there is prejudice, if there is ample time to cope with any surprise or depose the witness, sanctions may be unwarranted. *See*, *e.g.*, *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 270 F. Supp. 2d 875, 879 n.1 (S.D. Tex. 2003); *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 527 (S.D.N.Y. 2002); *Bellinger v. Deere & Co.*, 881 F.Supp. 813, 817 (N.D.N.Y. 1995). Here, the Court finds that any prejudice that Defendant's delay in response to discovery requests may have caused Plaintiff can be cured by allowing Plaintiff to depose Mr. Boyd during the remaining discovery period. If, as Plaintiff contends, the deposition of Mr. Boyd was not part of Plaintiff's trial strategy, the Court will grant leave for Plaintiff to take an additional deposition beyond the number of depositions currently allowed. Hence, the Court concludes that exclusion of the evidence contained in the attachments to Mr. Moraveck's declaration is not warranted under the circumstances because the present case falls under the harmless exception of RCFC 37(c)(1).

**2. Without Substantial Justification**

Plaintiff asserts that Defendant has no explanation for not providing the documents to Plaintiff. The documents were responsive to Plaintiff's discovery requests, and Plaintiff moved to compel production of any documents that Defendant intended to use during its second deposition of Mr. Boyd. Hence, Defendant was put on notice as to the relevance of the documents to Plaintiff's discovery requests. Substantial justification is justification sufficient to satisfy a reasonable person that parties could disagree as to whether compliance with the disclosure requirement was required. 7 James Wm. Moore et al., Moore's Federal Practice § 37.62, at 37-126 (3d ed. 2005); *Sheppard v. River Valley Fitness One*, 428 F.3d 1, 12 (1st Cir. 2005) (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Chapple v. State*, 174 F.R.D. 698, 701 (M.D. Ala. 1997). The test is satisfied if there is a genuine dispute with respect to compliance. Moore et al. § 37.62, at 37-126; *Nguyen*, 162 F.R.D. at 680 (*citing Pierce*, 487 U.S. at 565). If a reasonable person could conclude "that the duties which the law imposes did not require production of the evidence, the dispute should be deemed genuine, the party's position would be deemed substantially justified, and no sanction would be imposed." Moore et al. § 37.62, at 37-127. The Federal Circuit found that a party's withholding of testimony regarding infringement was not substantially justified and exclusion of the testimony was therefore warranted when, although the court amended its claim construction ruling, the amended claim construction had no affect on the relevant patent limitation. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 711-713 (Fed. Cir. 2005).

Plaintiff argues that any reasonable person looking at the declaration of Mr. Moraveck and attached exhibits could only conclude that these documents were related part and parcel to Defendant's affirmative defense of invalidity. When the Court denied Plaintiff's motion to compel production of the documents to be used at Mr. Boyd's second deposition, the Court advised: "If Plaintiff believes that Mr. Boyd is questioned about documents not already identified by the Government, it shall make its objections at that time." Dkt. No. 237; Mot. Ex. 5. According to Plaintiff, that time has now arrived. Plaintiff further contends that the argument that Defendant was uncertain whether it would use the documents in its case does not justify withholding documents that were nevertheless responsive to Plaintiff's discovery requests. Immediately after receiving the declaration of Mr. Moraveck and the attached documents, Defendant requested further examination of Mr. Boyd. Hence, it is clear that Defendant intended to use the declaration and documents of Mr. Moraveck.

Defendant counters that any delay in production was justified under a reasonable person standard. The documents were not responsive to Plaintiff's discovery requests because any affirmative defense based on the documents was developed after the answer. Furthermore, for the reasons set forth in Defendant's exhibit M, provided for *in camera* review by the Court, Defendant was justified in seeking a further deposition of Mr. Boyd before producing the Moraveck declaration and attachments. The length of the delay was also justified, according to Defendant, because, of the three years from the time the Moraveck declaration and attachments were provided to Defendant to the time they were produced to Plaintiff, seven months were

consumed in briefing and arguing Plaintiff's motion to compel and most of the remaining time resulted from Plaintiff's own delays in scheduling the inspection of samples of carbon fiber sheet products which it chose to link to the second deposition of Mr. Boyd. According to Defendant, the Court's denial of Plaintiff's motion to compel is evidence of the justification of Defendant in not producing the documents until after that deposition.

As set forth above, the Court disagrees with Defendant's proffered justification for not producing the documents. The Court further agrees with Plaintiff that Plaintiff's delay in scheduling the inspection of samples is irrelevant. Even if Defendant's delay was of short duration, the question is whether a reasonable person would find the documents sufficiently responsive to Plaintiff's discovery requests that they should have been produced prior to Mr. Boyd's second deposition. On this point, the Court concludes that delaying production to gain a strategic advantage would be improper and borders on bad faith. Finally, the Court does not find sufficient explanation in Defendant's *in camera* exhibit to warrant the delay in production. There is no difference in Defendant's position now as opposed to prior to the Boyd deposition that would warrant production of the documents now but not prior to the deposition. Moreover, a reasonable person would find the documents to be sufficiently material to Defendant's affirmative defense of invalidity under 35 U.S.C. § 102 and/or 103 that they should have been provided to Plaintiff immediately following receipt of the declaration of Mr. Moraveck. Therefore, Defendant's failure to disclose the documents does not meet the substantial justification exception under RCFC 37(c)(1).

**3. Appropriate Sanctions**

Exclusion of evidence is a an extreme sanction and should be applied only when lesser sanctions are inadequate. *Thibeault*, 960 F.2d at 247 (1st Cir. 1992); *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988); *Tr. of Michigan Reg'l Council of Carpenters Employee Benefits Fund v. Carpentry Contractors, Inc.*, 203 F.R.D. 247, 253 (E.D. Mich. 2001). Because the Court finds Defendant's failure to disclose the documents attached to the declaration of Mr. Moraveck to be relatively harmless, the remedy of exclusion of the evidence is inappropriate and unduly harsh under these circumstances. As an alternative to exclusion, Plaintiff asks the Court to award costs, including reasonable attorney's fees, for bringing the motion or other relief that the Court deems appropriate. RCFC 37 provides that other appropriate sanctions may be awarded by the Court. RCFC 37(c)(1). Monetary sanctions may be imposed against a governmental party for violating the duty to supplement. 6 James Wm. Moore et al., Moore's Federal Practice § 26.132[6], at 26-306 (3d ed. 2005); *Bradley*, 866 F.2d at 126-127. At least one court has found that in lieu of excluding the evidence from trial, the appropriate remedy is making the deponent available for deposition prior to trial at the other party's expense. *Central States Indus. Supply, Inc. v. McCullough*, 279 F. Supp. 2d 1005, 1025-1026 (N.D. Iowa 2003). The Court finds that awarding the costs for Plaintiff to bring this motion and the costs for Plaintiff to depose Mr. Boyd is a satisfactory remedy.

## IV. Conclusion

The Court concludes that while Defendant did not fail to supplement its response to Plaintiff's Interrogatory No. 3 or Requests for Production Nos. 1-5, 9 and 10 pursuant to RCFC 26(e)(2), Defendant did fail to supplement its response to Plaintiff's Interrogatory No. 11 and Request for Production No. 12 by not providing the declaration of Mr. Moraveck and attachments thereto until after the second deposition of Mr. Boyd. Nonetheless, because the failure to disclose is harmless, exclusion of the evidence is not warranted by RCFC 37(c)(1). Instead the appropriate remedy is for Defendant to bear the costs for Plaintiff to bring this motion as well as the costs for Plaintiff to depose Mr. Boyd.

Plaintiff's Motion for Sanctions is DENIED IN PART and GRANTED IN PART. Plaintiff's request for exclusion of any declaration or attachments thereto, deposition testimony and trial testimony of Mr. Moraveck is DENIED. Plaintiff's request for an award of costs for bringing the motion is GRANTED. Plaintiff's request for other relief as the Court deems appropriate is GRANTED.

The Court ORDERS that Plaintiff be allowed one additional deposition over the limit set by the Court in order to depose Mr. Boyd. The Court further ORDERS that Defendant pay Plaintiff's costs for the deposition of Mr. Boyd.

This opinion shall be **filed under seal** until the parties review it to see if any information should be redacted prior to publication in accordance with the terms of the protective order. The Court hereby ORDERS the Parties to file a joint report indicating any such information that should be redacted on or before **May 3, 2006**.

s/ Edward J. Damich
Edward J. Damich
Chief Judge