IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, | ) | |
| Plaintiff | ) | Case No. 96-166 C |
| v. | ) | Chief Judge Edward J. Damich |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ZOLTEK'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF COSTS AND ATTORNEYS' FEES**

Plaintiff Zoltek Corporation ("Zoltek") respectfully submits this memorandum in opposition to the motion by the United States ("U.S." or "Government") for recovery of costs and attorneys' fees, filed June 13, 2006.

## I. Factual Background

As noted in the Government's motion, Zoltek noticed the deposition of Gordan Sharpe, an employee of Fortafil Fibers, Inc. ("Fortafil"), a supplier of PAN based carbon fibers believed to be manufactured in accordance with the process disclosed and claimed in Zoltek's U.S. Patent Number RE34,162 ("162 Patent").[1] Mr. Sharpe's deposition was originally scheduled for Wednesday, March 29, 2006,

[1] Mr. Sharpe confirmed that this was the case in his subsequent deposition testimony on May 3, 2006, and that these processed PAN based fibers were ultimately sold directly or through third parties to Northrop Grumman, Inc.

beginning at 9:30 a.m. Both of Zoltek's counsel were scheduled to depart from O'Hare Airport on Tuesday, March 28, on a 1:15 p.m. flight on United Airlines, to Knoxville, Tennessee. The undersigned had two carry-on bags while John Mortimer, Zoltek's co-counsel, checked both his clothing bag and his document bag with United Airlines.

Approximately forty-five (45) minutes before the scheduled departure, United Airlines announced that the flight to Louisville had been cancelled along with numerous other flights due to air traffic control, weather, and multiple airplane mechanical problems. Passengers on all cancelled flights were told to get in line and proceed to a single ticket station manned by three (3) agents to handle rescheduling. Because of the number of passengers on cancelled flights, counsel for Zoltek literally stood in line for more than 2 hours before reaching the ticket agent. While waiting in line, the airline informed the passengers that no further flights would be scheduled that day for Knoxville, Tennessee. Because Zoltek's counsel were aware of previous air traffic control problems at O'Hare Airport in the very recent past, departure on the next day was speculative.

While waiting in line, Zoltek contacted Mr. Hauskin's office and left two (2) voicemails, informing him of the situation and stating that the deposition would need to be rescheduled. Zoltek's counsel also contacted his own office, and had one of the secretaries, Karen Sanderson, send an e-mail to Mr. Hauskin's office,

informing him of the cancellation of the flight due to air traffic control problems. Zoltek's counsel also contacted the witness, the court reporter and the hotel where the deposition was to be taken, to inform them of the situation, and to tell them that the deposition would have to be rescheduled.

The Government never raised the issue of reimbursement of attorneys' fees and costs for this deposition postponement until after the Court issued its opinion on April 12, 2006, granting in part Zoltek's motion for sanctions for the Government's failure to provide requested documents in a timely manner.

## II. The Controlling Legal Standard

The Government's motion correctly identifies RCFC 30(g)(i) as the governing rule, which states:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the Court *may* order the party giving the notice to pay to such other party the reasonable expenses incurred by the party and that party's attorney in attending, including reasonable attorneys' fees. (emphasis added)

The plain language of Rule 30(g)(i) leaves the award of sanctions to the sound discretion of the Court.

In this case, the deposition was cancelled because of circumstances beyond the control of Zoltek's counsel. Obviously, neither Zoltek nor its counsel are

responsible for air traffic control, weather, or multiple airplane mechanical problems at O'Hare Airport. Departure the next day was speculative. If Zoltek chose to proceed with the deposition, but then was not able to attend because of further air traffic control or mechanical problems, Zoltek may have incurred the hotel meeting room costs, court reporter and videographer fees, as well as causing substantial inconvenience the third party witness, Mr. Sharpe. Moreover, Zoltek's counsel, Mr. Mortimer, did not have his luggage or his document bag available to him. In fact, the luggage and document bags were not returned to Mr. Mortimer until March 30, the day after the scheduled deposition date. Zoltek took the appropriate action in cancelling the deposition when it learned that no flights were available on March 28 to Knoxville from Chicago, due to circumstances completely beyond the control of Zoltek and its counsel.

Under virtually identical circumstances, the District Court of Kansas in *Ellis v. Bimbudier Corp.* 1997 U.S. Dist. LEXIS 17787 (D. Kan. 1997) (attached, Ex. 1) held:

> The key language of this rule [30(g)(i)] is the word "may." While plaintiff's counsel failed to attend the deposition that he had given notice for, his failure to attend was due to an event over which he had no control, i.e., the cancellation of a[n] airplane flight. While it is unfortunate that defendants incurred unnecessary costs, the Court does not believe it would be equitable or fair to impose those costs on plaintiff or his attorney, since the failure to attend was due to circumstances over which the plaintiff and his counsel had no control. Therefore, the

motion will be denied.

The Government's alternative suggestion, i.e., that Zoltek's counsel should have driven to Knoxville from Chicago was simply not feasible. The Government's Exhibit 5 shows an eight (8) hour, forty-eight (48) minute drive time from downtown Chicago (not O'Hare Airport) to Knoxville, Tennessee, a distance of 545 miles. A cursory examination shows that that would be traveling at an average speed of 60 miles an hour. That was simply not realistic. Zoltek's counsel would have been traveling, without counsel's luggage or document bags, through some of the heaviest rush-hour traffic from O'Hare Airport, located approximately 15 miles northwest of downtown Chicago, which would easily have added on an hour in travel time. Additionally, traveling from downtown Chicago out of the Chicagoland area at that time of day could easily have added another 1-2 hours to the travel time. While Zoltek's counsel is not familiar with the normal travel times for the remainder of this proposed trip, it would have been unrealistic to expect Zoltek's counsel to travel a total of 11-12 hours (or more) on a continuous basis (after being up all day) without stopping for sleep. Zoltek respectfully submits that the RCFC not require Zoltek's counsel to take unnecessary risks to avoid an inconvenience brought about by circumstances beyond their control.[2]

[2] Zoltek's counsel's reference to the circumstances of September 11, 2001 was not intended to be a comparison on an order of magnitude, but simply to state that,

## III. Conclusions

For the above stated reasons, Zoltek's counsel respectfully requests that the Government's motion for Costs and Attorney's fees be denied.

Respectfully Submitted,

June 30, 2006

/s/ Dean A. Monco

Dean A. Monco
John S. Mortimer
Wood Phillips Katz Clark & Mortimer
500 West Madison Street, Suite 3800
Chicago, Illinois 60661-2511
Tel. (312) 876-1800

David W. Long
Pamela S. Kane
Howrey LLP
1299 Pennsylvania Ave., N. W.
Washington, D.C. 20004-2402
P: (202) 783-0800

Attorneys for Plaintiff/Appellant Zoltek Corporation

---

when circumstances beyond the control of the attorneys occur, cancellation of scheduled proceedings is simply a fact of life in litigation.

# EXHIBIT 1

**ROGER K. ELLIS, Plaintiff, vs. BOMBARDIER CORPORATION, et al., Defendants.**

**Case No. 96-1213-WEB**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*1997 U.S. Dist. LEXIS 17787*

**September 15, 1997, Decided**
**September 15, 1997, Filed**

**DISPOSITION:** [*1] Defendants' motion for attorney's fees and expenses denied.

**COUNSEL:** For ROGER K ELLIS, plaintiff: Christopher P. Christian, Hutton & Hutton, Wichita, KS.

For BOMBARDIER INC, BOMBARDIER CORP., defendants: Ron C. Campbell, John T. Steere, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS.

**JUDGES:** JOHN THOMAS REID, United States Magistrate Judge.

**OPINIONBY:** JOHN THOMAS REID

**OPINION:**

MEMORANDUM AND ORDER

On August 4, 1997, defendants filed a motion for attorney's fees and expenses (Doc. 32). A response was filed on August 20, 1997 (Doc. 33). No reply brief was filed.

Plaintiff had noticed the deposition of David Price, a representative of Bombardier, Inc., for June 25, 1997 in Montreal, Canada. Defendants' counsel arrived in Montreal on June 24, 1997. Plaintiff's counsel was scheduled to fly out of Wichita on the afternoon of June 24, 1997, but his flight was canceled, and he was therefore unable to get to Montreal until 6:00 p.m. on June 25, 1997. Plaintiff's counsel had another scheduled commitment on June 26, 1997 in Kansas, so he contacted defendants' counsel on the afternoon of June 24, 1997 to inform him of his inability to attend the deposition.

*Fed.R.Civ.P. 30(g)(1)* states as follows: [*2]

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

The key language of this rule is the word "may." While plaintiff's counsel failed to attend the deposition that he had given the notice for, his failure to attend was due to an event over which he had no control, i.e., the cancellation of a airplane flight. While it is unfortunate that defendants incurred unnecessary costs, the court does not believe it would be equitable or fair to impose those costs on plaintiff or his attorney, since the failure to attend was due to a circumstance over which the plaintiff and his counsel had no control. Therefore, the motion will be denied.

IT IS THEREFORE ORDERED that the motion for attorney's fees and expenses is denied.

Copies of this order shall be mailed to counsel of record for the parties.

Dated at Wichita, Kansas, on September 15, 1997.

JOHN THOMAS REID [*3]

United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document entitled

**ZOLTEK'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF COSTS AND ATTORNEYS' FEES**

has been sent by *Federal Express Priority Overnight* this 30th day of June, 2006 to:

Gary L. Hausken, Esq.
United States Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, N.W.
Room 11114
Washington, D.C. 20005

/s/ Dean A. Monco
Dean A. Monco
John S. Mortimer
Counsel for Plaintiff
Zoltek Corporation
Tel: 312-876-1800
Fax: 312-876-2020