IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ZOLTEK CORPORATION,<br>a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 96-166C<br><br>Chief Judge Edward J. Damich |

**RESPONSE OF THE UNITED STATES TO ZOLTEK'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS [DOCKET NO. 322]**

The United States presents its response to Zoltek's Motion for Award of Attorney's Fees and Costs, Docket No. 322 (hereinafter "Bill of Costs"), as authorized by the Court's Order of April 24, 2006 [Docket No. 318] (hereinafter "Order"). Only three matters are in dispute: (1) Zoltek's claim for reimbursement of Federal Express fees, and (2) Zoltek's entitlement to its cost for presenting its reply, and (3) the amounts charged for November 4 and 7, 2005 and for January 9, 10 and 17, 2006.

**1. Federal Express Fees Are Not Reimbursable Expenses in Cases Subject to Electronic Filing**

Zoltek claims $13.34 for Federal Express fees for shipping something to "Washington" on November 30, 2005. Zoltek's Bill of Costs, Exhibit at 11.[1] That date coincides with the filing of Zoltek's motion for sanctions. *See* Docket Entries 299 & 300.

[1] Since Zoltek did not number the pages of its appendix, we refer to the pagination as determined by the Court's ECM system, which is imprinted in the banner heading on each page downloaded from the website.

This case was designated an electronic case on May 4, 2005. Docket Entry 280. Accordingly, Zoltek had no need to file or serve documents by Federal Express after that date. Indeed, this Court's General Order No. 42A, paragraph 19, specifically states that electronic filing satisfies the service requirement of RCFC 5 and the proof of service requirement of RCFC 5.1.

No charge is warranted or appropriate for Federal Express fees.

**2. The Costs of a Reply Brief Should Not be Charged to Defendant**

Zoltek seeks costs in the amount of $13,324.59 for preparing its reply brief in support of the motion for sanctions. This amount is not specifically covered by the Court's Order, which only provides for the "cost of bringing the motion." Order at 17. While we leave it to Court to interpret the terms of its own Order, the term "costs of bringing this motion" would not be understood to include the costs of a reply. Further, we note that the Court specified the "costs of bring this motion," rather than "reasonable expenses … caused by the failure" as provided in RCFC 37(c)(1). While the latter language is clearly broad enough to encompass costs incurred in filing a reply, the former is not.

The 40.75 hours of time and $13,808.75 in attorneys' fees related to the reply should be excluded.

### 3. Zoltek Has Failed to Present Adequate Billing Records for Some Fees

For the dates of November 4 and 7, 2005 and for January 9, 10 and 17, 2006, Zoltek concedes that it does not have contemporaneous billing records that demonstrate the number of hours worked on the motion or the reply. Bill of Costs at 2. Instead, Zoltek provides billing records that have been altered by Zoltek's counsel based on "the best of his recollection." The lack of contemporaneous billing records for events occurring less than six months ago is remarkable.

In bringing this motion, Zoltek specifically asked for its costs and attorneys' fees. Yet, while they were preparing the motion, the attorneys were not maintaining contemporaneous records of their efforts. The failure to maintain contemporaneous records falls well below what should be expected when one intends to compel others to pay. Accordingly, Zoltek's costs should be reduced by the amounts for which Zoltek cannot provide adequate records.

The Court should exclude fees in the amout of $2035.00 (5.50 hours) for the motion, and $3080.00 (8.00 hours) for the reply.

**4. Conclusion**

For the reasons stated, the Court should find that $14,467.50 constitutes Zoltek's reasonable costs and attorneys' fees for bringing the sanctions motion.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/Gary L. Hausken
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

July 5, 2006

Attorneys for the United States