**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION,<br>a Missouri corporation, | ) | |
| Plaintiff | ) | Case No. 96-166 C |
| v. | ) | Chief Judge Edward J. Damich |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ZOLTEK'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

The Government has objected to three (3) aspects of Zoltek's claim for attorneys' fees and costs. Zoltek addresses the objections in the order in which they appear in the Government's response.

## I. The Fed Ex Charges

At the inception of the present action, Zoltek and the Government agreed to exchange motions and opening briefs by Fed Ex and telefax (depending on length, including attachments) to insure the maximum amount of time available for each side to prepare its response. Reply briefs were forwarded by first class mail. Zoltek has continued this practice even after the case has been designated for electronic filing.

In view of the practice that Zoltek has continued without objection by the Government, Zoltek believes the FedEx charges are appropriate.

## II. The Court's April 12, 2006 Order Encompasses the Fees for the Reply Brief.

As correctly noted by the Government, the Court's April 12, 2006 states:

> Plaintiff's requests for an award of costs for bringing the motion [for sanctions under rule 37] is GRANTED (p. 16).

Rules 5.2 and 7.2 of this Court clearly contemplate that reply briefs shall be considered part of motions brought by any parties to a lawsuit in this venue. In this case, Zoltek filed a lengthy reply brief in response to a lengthy memorandum in opposition to Zoltek's motion.

For these reasons, Zoltek respectfully submits that the costs of preparing its reply brief be considered as part of the Court's April 12, 2006 sanctions order.

**III. Zoltek's Records Are Complete.**

The Government's characterizations of Zoltek's records for five (5) particular dates is simply incorrect. The entries on those dates, as described in Zoltek's opening motion, reflect other, additional tasks, not related to the motion for sanctions. Zoltek's undersigned counsel did not break down his daily time entries for this case for each task performed. Rather, all of the tasks performed are identified, and the total daily time is entered. In that respect, the undersigned counsel removed those tasks not related to the motion for sanctions, deducted the estimated time for those non-related activities, and entered by hand what he estimated to the best of his ability was the time spent relating on the motion for sanctions. Contrary to the Government's assertion, Zoltek most certainly maintains "contemporaneous records" of the work done on this case.

If the Court deems it necessary, Zoltek is prepared to submit non redacted time entries for those five (5) dates for *in camera* review to assist the Court in determining what amount should be awarded for those dates.

**CONCLUSIONS**

For the above stated reasons, Zoltek respectfully moves this Court for entry of an order awarding fees in the amount of $31, 324.59.

Respectfully submitted,

July 14, 2006

/s/ Dean A. Monco

Dean A. Monco, Esq.
John S. Mortimer, Esq.
WOOD, PHILLIPS, KATZ,
CLARK & MORTIMER
500 West Madison Street, Suite 3800
Chicago, Illinois 60661-2511
Tel.: (312) 876-1800
Fax: (312) 876-2020
Email: damonco@woodphillips.com

Attorneys for Plaintiff, Zoltek Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document entitled

**ZOLTEK'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

has been sent by *First Class Mail* this 14th day of July, 2006 to:

Gary L. Hausken, Esq.
United States Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, N.W.
Room 11114
Washington, D.C. 20005

/s/ Dean A. Monco
Dean A. Monco
John S. Mortimer
Counsel for Plaintiff
Zoltek Corporation
Tel: 312-876-1800
Fax: 312-876-2020