# In the United States Court of Federal Claims

No. 96-166 C
(Filed: July 25, 2006)

| | |
|---|---|
| ******************************** | |
| | * |
| **ZOLTEK CORPORATION,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ******************************** | |

*Dean A. Monco* and *John S. Mortimer*, Chicago, IL, for Plaintiff.

*Gary L. Hausken*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General; and *John Fargo*, Director.

## OPINION AND ORDER

**DAMICH**, Chief Judge.

On April 24, 2006, the Court issued its published Opinion and Order on Plaintiff's Motion for Sanctions, denying-in-part and granting-in-part Plaintiff's motion. In the opinion, the Court granted Plaintiff's request for award of costs for bringing the motion.

On June 30, 2006, pursuant to that opinion, Plaintiff filed its Motion for Award of Attorney's Fees and Costs. In the motion, Plaintiff requests the Court to order Defendant to pay Plaintiff $31,324.59 in costs, including $17,515.84 for the costs of filing the Motion for Sanctions and $13,808.75 for the costs of filing the reply brief. In addition to attorney's fees, the assessed costs included Fedex charges for sending a copy of the motion to Defendant, based on an agreement between Plaintiff and Defendant at the inception of the case. Attached to the motion, Plaintiff included a Transactions Listing showing an itemized break-down of the costs by

date, attorney, and activity. For certain dates,[1] Plaintiff inserted handwritten entries for the costs, after redacting from its records those activities relating to the case but not relating to preparation of the motion or reply "to the best of his recollection."

Defendant contends, and the Court agrees, that Plaintiff should not be entitled to reimbursement for the Fedex charges because the motion was filed after the case was designated as an electronic case filing ("ECF").[2] Paragraph 19 of U.S. Court of Federal Claims General Order 42A states that "the ECF System satisfies the service requirement of [Rule 5 of the Rules of the U.S. Court of Federal Claims ("RCFC")] and the proof of service requirement of RCFC 5.1." Therefore, after the case was designated ECF, Plaintiff was no longer required to Fedex or otherwise serve a copy of its filings on Defendant, and consequently, Defendant should not be obligated to pay the assessed $13.34 in Fedex charges as part of the costs for filing the Motion for Sanctions.

Defendant's second argument is that the costs of filing the reply brief should not be included in the total costs because the Court ordered only that Defendant pay "the costs of bringing this motion." However, it is clear from the Court's opinion, that the Court found Defendant to be at fault for its failure to supplement its responses and therefore intended that Defendant pay Plaintiff's entire costs for the briefing of the motion. Plaintiff's assessment of its costs for filing the motion and for filing the reply brief was therefore warranted.

Lastly, Defendant asserts that, for the five dates that Plaintiff does not have contemporaneous billing records to show the number of hours worked on the motion or the reply, Plaintiff should be denied its costs. Defendant finds it incredible that Plaintiff filed a motion asking for attorney's fees, yet did not keep segregated records of the costs for filing the motion, especially since the motion was filed less than six months ago. For the dates where Plaintiff has failed to provide adequate records, Defendant requests that the Court deny Plaintiff's estimated costs. The Court agrees that it should not be forced to rely on Plaintiff's handwritten estimates of its costs based on counsel's best recollection. Plaintiff filed its Motion for Sanctions, specifically asking the Court to award attorney's fees for bringing the motion. It was Plaintiff's responsibility to keep accurate records of the time and costs spent specifically on briefing the motion. Estimates of the costs after-the-fact will not suffice. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 433, 441 (1983) (finding that the party seeking award of fees must submit evidence in sufficient detail, and where the documentation of hours is inadequate, the court may reduce the

---

[1] November 4, 2005; November 7, 2005; January 9, 2006; January 10, 2006; and January 17, 2006.

[2] The case was designated as an ECF case on May 4, 2005.

award); *see also Martin v. United States*, 12 Cl. Ct. 223, 227 (1987). Therefore, the Court denies Plaintiff the estimated, handwritten costs totaling $5,115.00.[3]

On June 13, 2006, Defendant filed a Motion for Recovery of Costs and Attorney's Fees ("Def.'s Mot."). In the motion, Defendant asks the Court to allow Defendant to offset, against any costs claimed by Plaintiff, the costs and attorney's fees it incurred as a result of Plaintiff's scheduling and subsequent cancellation of the deposition of Gordon Sharpe. The deposition was scheduled to take place in Cedar Bluff, Tennessee at 9:30 a.m. on March 29, 2006. Defendant's counsel traveled from Washington, D.C. to Knoxsville, Tennessee on the afternoon of March 28, 2006, arriving at the Knoxsville airport at 3:10 p.m. Upon arrival, Defendant's counsel received an e-mail message from Plaintiff's counsel's secretary, informing him that the deposition of Gordon Sharpe was postponed by Plaintiff's counsel because flights out of Chicago were cancelled due to air traffic control problems. Defendant's counsel then returned to Washington, D.C., arriving the same day.[4] Defendant submits a list of flight schedules from Chicago, Illinois to Knoxville, Tennessee, as well as a MapQuest estimate of driving time, as evidence that there were travel options available to Plaintiff that evening and the following day to avoid postponing the deposition. Defendant asks the Court to offset the costs of the trip, totaling $1,402.06, against the costs claimed by Plaintiff for briefing its Motion for Sanctions.

RCFC 30(g)(1) provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Federal Rule of Civil Procedure ("FRCP") 30(g)(1) is identical to RCFC 30(g)(1), and interpretation of FRCP 30(g)(1) informs the Court's analysis. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended June 20, 2006) (stating that "interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."). "Courts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other party." *Pine Lakes Int'l Country Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471, 472 (D.S.C. 1989) (*citing* Wright & Miller, Federal Practice and Procedure, § 2120 (1970 Ed., 1988 Supp.)). When the party noticing the deposition cancels the deposition at the last minute and the other party has

---

[3] The denied costs include $925 for November 4, 2006; $1110.00 for November 7, 2005; $481.25 for January 9, 2006; $1251.25 for January 10, 2006; and $1347.50 for January 17, 2006.

[4] The deposition was subsequently rescheduled for May 2, 2006.

already traveled to the site of the deposition, courts have generally been willing to impose attorney's fees and costs on the noticing party. *Id.*; *Duenas v.Yama's Co.*, Nos. 91-16923, 92-15885, and 92-15919, 1993 WL 280407, at *4-5 (9th Cir. July 26, 1993); *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005); *Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 199 (W.D.N.Y. 2005); *Real Colors, Inc. v. Patel*, No. 96C6098, 1998 WL 88879, at *1 (N.D. Ill. Feb. 17, 1998); *Spalding & Evenflo Co. v. Graco Metal Products, Inc.*, No. 5:90CV0651, 1992 WL 109092, at *4 (N.D. Ohio Feb. 14, 1992). The Court need not find bad faith in order to award costs. *Real Colors*, 1998 WL 88879, at *1; *Matthews v. USAir, Inc.*, No. 92-CV-1424, 1997 WL 31484, at *2 n.1 (N.D.N.Y. Jan. 22, 1997).

Plaintiff argues that the deposition was cancelled due to circumstances beyond the control of Plaintiff's counsel, and therefore, Plaintiff should not be required to pay the costs incurred by Defendant as a result of the cancellation. To support its position, Plaintiff relies on *Ellis v. Bombardier Corp.*, No. 96-1213-WEB, 1997 WL 695593 (D. Kan. Sept. 15, 1997). In *Ellis*, plaintiff's counsel noticed a deposition, which he was subsequently unable to attend because his flight was cancelled and he was unable to get to the site of the deposition until late the following day. *Id*. at *1. The court held that the key language in FRCP 30(g) is "may," and therefore, the award of costs was at the Court's discretion. *Id*. The Court concluded that the failure of plaintiff's counsel to attend the deposition he had noticed was due to an event over which he had no control, and hence it would not be fair to impose on plaintiff the unnecessary costs incurred by defendant as a result of the cancellation. *Id*.

Plaintiff contends that here, as in *Ellis*, Plaintiff's flight was cancelled unexpectedly, preventing Plaintiff's counsel from attending the scheduled deposition. According to Plaintiff, approximately forty-five minutes prior to departure, United Airlines announced that the flight to Louisville had been cancelled, along with many other flights, due to air traffic control, weather, and multiple airplane mechanical problems. Two hours later, the airline announced that there would be no additional flights to Louisville that day. Because recently there had been air traffic control problems at the Chicago airport, Defendant's counsel concluded that "departure on the next day was speculative." Pl.'s Resp. to Def.'s Mot. at 2. Plaintiff's counsel's situation differs from that in *Ellis*, however, because in *Ellis*, plaintiff's counsel was "unable to get to" the site of the deposition until the end of the following day. *Id*. Here, Plaintiff's counsel provides no evidence to demonstrate that there were no flights to Louisville offered by any airline the afternoon or evening of March 28, 2006, nor does Plaintiff provide any logical basis for its premonition that there would be no flight to Louisville the following morning.[5] Plaintiff simply states that numerous flights were cancelled due to mechanical problems, air traffic control, and weather. While it would be expected that air traffic control and weather could have far-reaching impacts on flights throughout the airport, mechanical problems would be expected to be specific to each airplane and/or airline. Plaintiff provides no evidence of the extent of the bad weather

---

[5] Although Defendant also proposes that Plaintiff could have driven to Louisville, the Court finds the expectation that Plaintiff's counsel be required to drive 545 miles, beginning during rush-hour Chicago traffic, to be unreasonable.

conditions, if any, and the basis for expecting the conditions to persist. Without such evidence from Plaintiff, it is impossible for the Court to conclude that the problem(s) causing flight cancellations would continue through the following morning.

Plaintiff further asserts that if it had not postponed the deposition and instead had chosen to risk the possibility of having to cancel the deposition the following day, it may have incurred the additional costs of the hotel meeting room, court reporter, and videographer.[6] Plaintiff's argument has no moment here, however, because those costs are not at issue in the instant motion. It is always the role of counsel to minimize costs for its client. If Plaintiff's counsel felt that the risk of the additional costs outweighed the costs of cancelling the deposition, then Plaintiff's counsel was entitled to do so. The Court, however, finds insufficient evidence to establish that there was an adequate basis for postponing the deposition. Moreover, the Court finds Plaintiff's counsel's means of communicating the problem, by an e-mail message via his secretary, to be wholly inadequate. If Plaintiff's counsel were indeed concerned about inconveniencing Defendant's counsel, Plaintiff's counsel could have attempted to establish telephone contact with Defendant's counsel to determine whether alternative arrangements could have been made, *e.g.* delaying the deposition until later in the day, so as to minimize the costs for Defendant's counsel. Because the Court finds that Plaintiff did not take adequate measures to attempt to attend the deposition and/or to attempt to alleviate the inconvenience caused Defendant, the Court determines that the award of costs to Defendant is warranted.

In conclusion, the Court finds that the award of costs and attorney's fees to Plaintiff for briefing of its Motion for Sanctions should be reduced by: (1) the amount of the Fedex costs; (2) the amount assessed by Plaintiff for the dates where the time spent on the motion could be determined by estimation only; and (3) the amount of the offset requested by Defendant in its Motion for Recovery of Costs and Attorney's Fees due to Plaintiff's last minute cancellation of the deposition of Gordon Sharpe. The total award of costs requested by Plaintiff was $31,324.59. The reduction for Fedex costs is $13.34; the reduction for estimated attorney's fees is $5,115.00; and the reduction for the offset based on the cancellation of the deposition is $1,402.06. Therefore, the Court ORDERS Defendant to pay Plaintiff the amount of $24,794.19.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

[6] Plaintiff also contends that Plaintiff's counsel had checked his luggage and document bag, and therefore, cancellation of the deposition was necessary. Since Plaintiff provides no evidence for the Court to conclude that either the luggage or document bag were critical to the deposition or that they were not likely to be in Louisville upon their arrival, the Court finds the argument to be meritless.