IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ZOLTEK CORPORATION,<br>    a Missouri corporation,<br><br>           Plaintiff,<br><br>       v.<br><br>THE UNITED STATES,<br><br>           Defendant. | No. 96-166C<br><br>Chief Judge Edward J. Damich |

**RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER OF APRIL 23, 2007, REGARDING ZOLTEK'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS FROM NORTHROP GRUMMAN CORPORATION PURSUANT TO THE COURT'S SEPTEMBER 22, 2005 ORDER**

As ordered by the court during the April 23, 2007 status conference (*see also* Order, Docket No. 338 (Apr. 23, 2007), the United States hereby provides these responses to "Zoltek's Request for Production of Documents and Things from Northrop Grumman Corporation Pursuant to the Court's September 22, 2005 Order" (Docket No. 295). During that status conference the Government was asked to identify how the invocation of the military and state secrets privilege by the Secretary of the Air Force may affect Northrop's ability to respond to Zoltek's requests in Docket No. 295. For the convenience of the court, we set out each request followed by our response below:

**1.    All communications to/from any suppliers of partially carbonized fibers, including but not limited to purchase orders and invoices regarding any and all partially carbonized fibers purchased by or for Northrop, including quantities purchased, and further including, but not limited to, Northrop purchase order no. 114-804148A dated October 12, 1983;**

Response:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction (Docket No. 137, 48 Fed. Cl. 290, 295-96 (2000)), in the manufacture of the B-2 aircraft.  Any responsive information would be privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Declaration of the Secretary of the Air Force, Michael W. Wynne (Docket No. 338, Exhibit) (hereinafter Secretary's Declaration).

**2.    Identification of all manufacturers and suppliers of any and all partially carbonized fibers purchased by or for Northrop;**

Response:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Any responsive information would be privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

**3.     All documents that relate to the engineering, design and/or description of the process used to produce any and all partially carbonized fibers purchased by or for Northrop;**

Response:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Any responsive information would be privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

**4.     All communications to/from any suppliers of sheets/mats/coatings which contain, in whole or in part, partially carbonized fibers, including but not limited to purchase orders and invoices regarding any and all sheets/mats/coatings purchased by or for Northrop, including quantities purchased, which contain in whole or in part, partially carbonized fibers;**

Response:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Any responsive information would be privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

**5.     Identification of the manufacturers and suppliers of any and all sheets/mats/coatings purchased by or for Northrop which contain, in whole or in part, partially carbonized fibers;**

Response:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Any responsive information would be

privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

**6.     All documents that relate to the engineering, design and/or description of the process used to produce the sheets/mats/coatings purchased by or for Northrop which contain, in whole or in part, partially carbonized fibers;**

<u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Any responsive information would be privileged if within the scope of either of the two categories for which the privilege has been asserted in paragraph 16 of the Declaration of the Secretary of the Air Force, Michael W. Wynne (Docket No. 338, Exhibit) (hereinafter Secretary's Declaration).

**7.     All documents that related in any way to whether the surface resistivities of the sheets/mats/coatings purchased by or for Northrop were predetermined by the volume resistivities of the partially carbonized fibers used, in whole or in part, to create the sheets/mats/coatings;**

<u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Information responsive to this request, if any exists, would appear to be privileged as being within at least one of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

    **8.    Confirmation that Northrop used and continues to use the sheets/mats/coatings containing, in whole or in part, partially carbonized fibers, on the B-2 Bomber;**

    <u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.

    **9.    If not previously made available, a sample of partially carbonized fibers purchased by or for Northrop;**

    <u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Information responsive to this request, if any exists, would appear to be privileged as being within at least one of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

    **10.    All documents relating in any way to the use of partially carbonized fibers and/or sheets/mats/coatings containing, in whole or in part, partially carbonized fibers to absorb radar and/or to render an object less visible to radar;**

    <u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Information responsive to this request, if any exists, would appear to be privileged as being within at least one of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

**11.    If not previously made available, a sample of all sheets/mats/coatings purchased by [or for] Northrop []which contain, in whole or in part, partially carbonized fibers.**

<u>Response</u>:  Both Northrop Grumman Corporation (Northrop) and the United States have denied using "partially carbonized fibers," as construed in this court's opinion on claim construction, in the manufacture of the B-2 aircraft.  Information responsive to this request, if any exists, would appear to be privileged as being within at least one of the two categories for which the privilege has been asserted in paragraph 16 of the Secretary's Declaration.

        Respectfully Submitted,

        PETER D. KEISLER
        Assistant Attorney General

        JOHN FARGO
        Director

        *s/Gary L. Hausken*
        GARY L. HAUSKEN
        Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        Washington, D. C.  20530
        Telephone:  (202) 307-0342
        Facsimile:  (202) 307-0345

May 21, 2007        Attorneys for the United States