## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ZOLTEK CORPORATION, | ) | |
| | ) | Case No. 96-166 C |
| a Missouri corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Chief Judge Edward J. Damich |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ZOLTEK'S MOTION TO TRANSFER THE PORTION OF THE CASE RELATING TO THE F-22 FIGHTER PLANE TO THE DISTRICT COURT OF GEORGIA

Plaintiff Zoltek Corporation ("Zoltek") respectfully moves this Court for an order, pursuant to 28 U.S.C. § 1631, to transfer to the United States District Court for the Northern District of Georgia, Atlanta Division, the portion of the case pertaining to Zoltek's charge of infringement against the Defendant, the United States ("U.S." or "Government") of Zoltek's U.S. Patent No. RE: 34,162 ("'162 patent") for the unauthorized use of Zoltek's patented process by Government contractors to produce silicon carbide sheets/matts/coatings used on the F-22 Fighter Plane.

Upon transfer, Zoltek will move the U.S. District Court for the Northern District of Georgia: (a) to substitute Lockheed Martin Corporation ("Lockheed"), the manufacturer of the F-22 Fighter Plane, as the Defendant; and (b) to permit Zoltek to file an amended complaint charging Lockheed with infringement under 35 U.S.C. § 271.

The basis for the present motion is set forth below.

I.      FACTUAL BACKGROUND

On March 25, 1996, Zoltek filed a complaint in this Court seeking damages under 28 U.S.C. § 1498 (a) for the Government's unauthorized use of Zoltek's patented process claimed in the '162 patent.  The initial complaint charged unauthorized use of the patented process to produce carbon fiber products which were incorporated into "various weapons systems including at least, among other weapons systems, the B-2 Bomber."

After receiving discovery responses from Lockheed, Zoltek informed the Government in Supplemental Responses to the Government's First Set of Interrogatories dated March 17, 1999, that Zoltek was identifying the F-22 Fighter Plane, produced by Lockheed, as an additional accused weapon system because of its incorporation of sheets/matts/coatings, produced without authorization from Zoltek using the patented process or an equivalent variation thereof.  (Ex. 1, p. 8a)

Thereafter, on June 28, 2001, the Government filed a motion for partial summary judgment, seeking dismissal of that portion of the case pertaining to the F-22 Fighter Plane, and alleging that this Court did not have jurisdiction because of 28 U.S.C. § 1498 (c).  Specifically, the Government argued that since Japanese sub-contractors of Lockheed practiced one or more steps of the accused process outside the United States, this Court lacked Jurisdiction because Zoltek's claim "arise[s] in a foreign country."

After multiple briefings and oral argument, and further after issuing an initial Opinion dated March 14, 2002 (Docket #191) stating that Zoltek could not bring a cause of action because of the express prohibition of § 1498 (c) (51 Fed. Cl. 829), this Court, in a second Opinion issued December 9, 2003 (Docket #244), denied the Government's motion for partial summary judgment (58 Fed. Cl. 688).  This Court held that the

Government's taking of Zoltek's patented property without compensation, if proven, was a violation of Zoltek's Fifth Amendment rights, cognizable by the Court under 28 U.S.C. § 1491 (a) ("The Tucker Act").

The Court then permitted Zoltek to file a second amended complaint consistent with the Court's recognition of Zoltek's Fifth Amendment claim. Zoltek filed its second Amended Complaint on December 22, 2003, specifically identifying the F-22 Fighter Plane as a weapons system using Zoltek's patented process, or an equivalent thereof, without authorization.

Following the grant of both parties' motions for interlocutory appeal on the jurisdiction issues, the Court of Appeals for the Federal Circuit on March 31, 2006 affirmed this Court's opinion regarding lack of jurisdiction under § 1498 (c), and reversed this Court's decision that Zoltek could assert a Takings Claim under the Fifth Amendment. 422 F.3d 1345 (Fed. Cir. 2006). The Federal Circuit's decision produced four separate opinions, with the two concurring judges unable to agree on the basis for their decision, and a dissenting opinion by Judge Plager.

The multiple opinions produced identified the jurisdictional issues in this case, both statutory and constitutional, as being issues of first impression. The Federal Circuit denied Zoltek's petition for a re-hearing *en banc* on September 21, 2006, which included a dissenting opinion by Judge Newman. 446 F. 3d 1335 (Fed. Cir. 2006). Zoltek filed its petition for *certiorari* on February 20, 2007. Zoltek's petition was supported by three (3) amicus briefs alleging error regarding the constitutional and statutory bases for the Federal Circuit's decision. The Supreme Court denied Zoltek's petition for *certiorari* on June 11, 2007.

By order of this Court dated June 14, 2007, Zoltek was given until July 9, 2007 to file the present motion.

If the Court grants Zoltek's present motion to transfer, Zoltek will file at the appropriate time in the District Court for the Northern District of Georgia, a motion to substitute Lockheed as the Defendant under Rule 15 (c), Federal Rules of Civil Procedure. Simultaneously therewith, Zoltek will move for leave to file an amended complaint alleging patent infringement under 35 U.S.C. § 271 against Lockheed.

## ARGUMENT

**II.   TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION, IS PROPER.**

Zoltek's present motion is based on 28 U.S.C. § 1631, which states:

**Transfer To Cure Want Of Jurisdiction**

> Whenever a civil action is filed in a court as defined in § 610 of this title or an appeal, including a petition for a review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The use of the transfer statute's phrase "shall…transfer" "persuasively indicates that transfer, rather than dismissal, is the option of choice." *Edelmann v. United States,* 76 Fed. Cl. 376, 384 (2007); *Matthews v. United States,* 72 Fed. Cl. 274, 280 n. 9 (2006) quoting *Britell v. United States,* 318 F. 3d 70, 73 (1st Cir. 2003). The Court must address

4

two questions in determining whether transfer is warranted: 1) whether the action could have originally been brought in another court; and 2) whether it is "in the interest of justice" to transfer the case.  *Edelmann v.United States, supra,* 76 Fed. Cl. at 384.

In the present action, there is no question that this action could have originally been brought in District Court for the Northern District of Georgia, Atlanta Division under 28 U.S.C. §§ 1391(b) and (c), and § 1400 (b).  Lockheed has a substantial place of business in Marietta, Georgia.  On information received during discovery in the present action, it is Zoltek's understanding that a substantial portion of the work of building the F-22 Fighter Plane occurred in Marietta, Georgia.  As a result, the District Court for the Northern District of Georgia would have had jurisdiction over Zoltek's charge of patent infringement against Lockheed regarding the F-22 Fighter Plane involving the misappropriation of its patented process.

Avoiding a potential time bar to all or a portion of Zoltek's claim for patent infringement against Lockheed is clearly in the interest of justice.  ("A compelling reason for transfer is that the [appellant], whose case if transferred is for statute of limitations purposes deemed by § 1631 to have been filed in the transferor court…will be time-barred if his case is dismissed and thus has to be filed anew in the right court."  *Texas Peanut Farmers v. United States* 409 F. 3d 1370, 1374 (Fed. Cir., 2005), quoting *Phillips v. Seiter,* 173 F. 3d 609, 610 (7th Cir. 1999)); ("If Plaintiffs were required to file a new complaint, their RFPA claims would be time-barred.  If dismissal of a claim would result in the claim being time-barred, when it is re-filed in a court of proper jurisdiction, then justice requires transfer."  *Edelmann v. United States*, *supra,* 76 Fed. Cl. at 384); see also, *Ayres v. United States* 67 Fed. Cl. 776, 782 (2005).

In the present action, Zoltek may be at risk for the loss of at least some portion of its patent infringement claim against Lockheed if the present action is not transferred under § 1631. The first production-representative plane was unveiled on April 9, 1997 at Lockheed-Georgia Company, in Marietta, Georgia (Ex. 2). The first production F-22 Fighter Plane was delivered to Nellis Air Force base, Nevada, on January 14, 2003. Zoltek's original complaint, filed in March, 1996, sought compensation under 28 U.S.C § 1498 (a) for the use of its patented process to produce carbon fiber products which:

> are incorporated into various weapon systems including at least among other weapon system, the B-2 Stealth Bomber.

Zoltek informed the Government in its Supplemental Responses to the Government dated March 17, 2007, that the F-22 Fighter Plane was produced using Zoltek's patented process (Ex. 1). Zoltek's Second Amended Complaint, filed on December 22, 2003, specifically identifies the Government's unauthorized use of Zoltek's process to produce silicon carbide fiber products as claimed in Zoltek's '162 patent or a process equivalent to that claimed in the '162 patent, with such products being incorporated into the F-22 Fighter Plane.

Given that the present action has been in litigation over eleven (11) years, transfer to the District Court for the Northern District of Georgia, Atlanta Division, to avoid any possibility of complete or partial loss of Zoltek's claim for patent infringement against Lockheed, is clearly in the interest of justice.

**CONCLUSIONS**

For the above stated reason, Zoltek respectfully moves this Court to transfer that portion of the present action pertaining to Zoltek's claim of unauthorized use by the Government of its '162 patent as it pertains to the silicon carbide sheets/matts/coatings

6

used on the F-22 Fighter Plane to the District Court for the Northern District of Georgia, Atlanta Division.

                                                     Respectfully submitted,

Date: July 9, 2007                            By: /s/ Dean A. Monco
                                                       Dean A. Monco
                                                       John S. Mortimer
                                                       Wood Phillips
                                                       500 W. Madison Street
                                                        Suite 3800
                                                       Chicago, IL 60661
                                                       *Attorneys for Zoltek Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing documents entitled

**ZOLTEK'S MOTION TO TRANSFER THE PORTION OF
THE CASE RELATING TO THE F-22 FIGHTER PLANE
TO THE DISTRICT COURT OF GEORGIA**

was filed *electronically* on this 9th day of July, 2007, which provides for electronic service to the following:

Gary L. Hausken, Esq.
United States Department of Justice
Commercial Litigation Branch – Civil Division
1100 L Street, N.W.
Room 11114
Washington, D.C. 20005

/s/ Dean A. Monco
Dean A. Monco
WOOD, PHILLIPS, KATZ
 CLARK & MORTIMER
500 West Madison Street
Suite 3800
Chicago, Illinois 60661
Telephone:   (312) 876-1800
Fax:             (312) 876-2020