# EXHIBIT 1

bb# 143

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**ZOLTEK CORPORATION,** a Missouri corporation,

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Civil Action No. 96-166C

Chief Judge Loren A. Smith

RECEIVED
MAR 19 1999
WOOD, PHILLIPS, ET AL
LITIGATION

## ZOLTEK'S SUPPLEMENTAL RESPONSES TO DEFENDANT U.S.'S FIRST SET OF INTERROGATORIES

Plaintiff ZOLTEK CORPORATION ("ZOLTEK") submits the following supplemental responses to certain interrogatories submitted by the Defendant, the United States ("U.S.") in accordance with the provisions of Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"). The supplemental responses contained herein are submitted in response to the U.S.'s letter dated September 17, 1998, and initially responded to by letter from ZOLTEK dated November 23, 1998.

The objections set forth in ZOLTEK's responses to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents and Things are incorporated herein by reference.

ZOLTEK further objects to the U.S.'s interrogatories and its request to supplement ZOLTEK's original responses, to the extent the U.S. seeks information regarding the development of the inventions set forth in U.S. Patent Nos. 4,782,395 and Re 34,162. The inventions disclosed and claimed in those patents were developed by George P. Boyd while an employee of Stackpole Fibers Co., Inc. As such, ZOLTEK's knowledge of facts during the development stage of the inventions set forth in the above-identified patents is non-existent.

Interrogatory No. 16

Answering separately for each study or investigation by plaintiff of another's product to ascertain whether either of the patents in suit or a foreign counterpart patent or patent application had been infringed by such product:

(a) Identify the study or investigation.

(b) State when the study or investigation was conducted, including the date of commencement and the date of completion.

(c) Identify each person who and each organization that made, conducted, or participated in the study or investigation.

(d) Describe each product examined, considered, or analyzed as part of the study or investigation, including any product number, part number, catalog number, model number, style number, brand name, trade name, trademark, and any other commercial or Governmental designation, and identify the manufacturer.

(e) Describe the results of the study or investigation as well as any findings that were made and any conclusions that were drawn based upon the study or investigation.

(f) Identify each document that relates or refers to any matter inquired about in subquestions (a) through (e) above.

(g) Identify each person who has knowledge or information concerning any matter inquired about in subquestions (a) through (e) above.

RESPONSE:

(a) Analyses were made by John S. Mortimer, Dean A. Monco, and Peter Gilster regarding infringement by the United States. No product was available for their study. Zoltek is currently investigating other parties' patent infringement and will supplement this response as to those parties as more information becomes available.

(b) The studies were conducted from 1994 to the present.

(c) John S. Mortimer, Dean A. Monco, and Peter Gilster.

(d) None of the products of the United States has been available for analysis.

(e) Objection: Zoltek objects to this interrogatory to the extent it seeks attorney-client privileged communications and/or attorney work product.

Answer: On information and belief, after conduct of this study, a number of United States products infringe the patents in suit. (See response to Interrogatory No. 23)

(f) Subject to Objection Nos. 1 and 2, Zoltek will provide documents, if any exist and are in Zoltek's possession or custody or under Zoltek's control, in lieu of an answer.

(g) Objection: Zoltek objects to this interrogatory to the extent that it seeks attorney-client privileged communication and/or attorney work product. Further, Zoltek objects to this interrogatory as being burdensome and oppressive, and vague as to the words "knowledge or information".

Answer: Zoltek identifies John S. Mortimer, Dean A. Monco, Peter Gilster and Zsolt Rumy as persons knowledgeable regarding these matters.

SUPPLEMENTAL RESPONSE:

With respect to Interrogatory No. 16(f), ZOLTEK at the present time has not identified any entity which is making, using, selling or offering to sell any infringing product, other than Defendant's B-2 Bomber, and the F-22 and YF-22 fighter airplanes. The F-22 and the YF-22 fighter airplanes are produced by Lockheed Martin Corporation, which has produced documents relative to both airplanes to both ZOLTEK and the U.S. simultaneously. Numerous documents referring to partially carbonized fibers having controlled electrical surface resistivity were found in the Lockheed document production. Samples of relevant documents were identified

to the Defendant in ZOLTEK's letter to the U.S. dated July 21, 1998, and more recently, in ZOLTEK's letter to the U.S. of October 1, 1998. If ZOLTEK determines additional weapons systems are infringing the patents-in-suit, such information will be provided to the U.S. in due course.

With respect to Interrogatory No. 28(b), see the documents previously provided with ZOLTEK's letter of November 23, 1998.

ZOLTEK CORPORATION

Date: 3/18/99

By: Zsolt Rumy, President

AS TO OBJECTIONS:

Date: March 17, 1999

Dean A. Monco, Esq.

**DECLARATION**

I, Zsolt Rumy, being duly sworn on oath, state that I am President of Zoltek Corporation, Plaintiff in the above-identified litigation; that I have read the foregoing document entitled "Zoltek's Supplemental Responses to Defendant's First Set of Interrogatories" by me subscribed; and that, based on my own knowledge and information available to me at the time of my subscription to these interrogatories, I believe the contents of the foregoing answers are true and correct; and that I signed them on behalf of Zoltek Corporation.

Dated: 3/18/99

Zsolt Rumy