**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | ) | No. 96-166 C<br><br>Chief Judge Edward J. Damich |

**OPPOSITION TO ZOLTEK'S MOTION TO TRANSFER IN PART**

Zoltek Corporation ("Zoltek") seeks transfer of a "portion of the case" to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1631. However, Zoltek's request would be futile because the District Court lacks jurisdiction and Zoltek fails to establish any entitlement to transfer under § 1631. Therefore, the transfer must be denied.

The transfer statute provides in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title[1] … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed …, and the action … shall proceed as if it had been filed in …the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

[1]Section 610 provides:

> As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 1631. By its terms, three conditions must be met in order for transfer to be appropriate: (1) the transferring court must suffer a "want of jurisdiction"; (2) the receiving court must have been a proper forum, both as to jurisdiction and venue, at the time the action was filed; and (3) the transfer must be in the "interest of justice." With respect to Zoltek's "claim"[2] of infringement by the F-22, only the second and third criteria are at issue here, the first having been decided by the Federal Circuit's affirmance of this court's ruling. *Zoltek Corp. v. United States*, 442 F.3d 1345, 1347 (Fed. Cir. 2006) (per curium) (*Zoltek IV*), *cert. denied*, 127 S. Ct. 2936 (June , 2007).

### A. JURISDICTION IS NOT PROPER IN THE GEORGIA COURT

In order for a transfer to be appropriate under § 1631, the receiving court also must have jurisdiction. Here, Zoltek's request fails.

The "action" that Zoltek seeks to transfer is a claim for compensation against the Government. And as Zoltek is well aware, §1498 grants exclusive jurisdiction over such claims to this Court. 28 U.S.C. § 1498(a) ("the owner's remedy shall be by action against the United States in the United States Court of Federal Claims"); *Zoltek IV*, 442 F.3d at 1349 ("A patentee's

---

[2] Although it is not necessary to the resolution of the issue presented here, we note Federal Circuit law appears to favor treating Zoltek's factual averments of infringement by the F-22 (Second Amended Complaint, ¶ 7) as a separate claim from its factual averments of infringement by the B-2 (Second Amended Complaint, ¶ 6). *See United States v. County of Cook, Illinois*, 170 F.3d 1084, 1087-89 (Fed. Cir. 1999) ("In light of § 1292(d)(4)(A)'s 'in whole or in part' requirement, we now make this result explicit and hold that § 1631 allows for the transfer of less than all of the claims in a civil action to the Court of Federal Claims"); *but cf. Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.4 (1976) ("a complaint asserting only one legal right …states a single claim for relief," addressing whether jurisdiction existed over appeal of partial judgment rendered pursuant to Fed. R. Civ. P. 54(b)).

judicial recourse against the federal government … is set forth and limited by the terms of … § 1498”); *Leesona Corp. v. United States*, 599 F.2d 958, 965 (Ct. Cl. 1979).

Zoltek, however, argues a different scenario: it asserts that since it could have brought an action under 35 U.S.C. § 271 in the district court, it should now be allowed to transfer to that court. This is contrary to their position earlier in this litigation. *Zoltek Corp. v. United States*, 51 Fed. Cl. 829, 832 n.15 (2002) (*Zoltek III*) (“The parties agree that Lockheed cannot be sued under 35 U.S.C. § 271 for infringement of the '162 Patent”). And such a transfer is now precluded since the parties and the court have acknowledge that the United States invoked its authorization and consent in the F-22 contract and therefore Lockheed Martin cannot be sued.

An infringement claim under § 271 is not the “action” being transferred: the “action” subject to transfer is the claim under § 1498. It is the § 1498 claim that must be transferable. Since the claim presently being asserted in this case is strictly against the Government under § 1498, transfer would not be to a “court in which the action … could have been brought at the time it was filed.”[3]

---

[3] We note that transfer in the opposite direction – from a district court to the Court of Federal Claims – does not face the same barrier. Where a contractor acts with the Government’s authorization and consent and is subsequently sued in district court by a third party for alleged use of an invention in the course of the contract, transfer to this court is proper. This is so, because the Government can assert its authorization and consent and seek to have itself substituted for the contractor pursuant to § 1498. Once substituted for the contractor, the district court suffers a want of jurisdiction over the action, and the action must be transferred to this court, which has jurisdiction over the claim.

In this instance, the court cannot reverse the process to transfer the case to the district court. The distinction between transfers to this court and the one proposed by Zoltek is not merely a question of which statute and party is named in the complaint. Rather, the lynchpin is authorization and consent. Here, the Government by contract granted its authorization and consent, thus absolving the contractor of liability. And, as a result, the claim is one that is inherently against the Government.

Zoltek makes an illogical leap: it appears to argue that the District Court must have jurisdiction since this Court lacks jurisdiction. Pl. Mot. at 5 (arguing that the action "could have been brought" in the District Court). This is not necessarily so. Merely because Zoltek's claim is barred by § 1498(c) does not mean that another court must have jurisdiction. As is the case here, no court has jurisdiction.

Where a Government contractor infringes a patent while performing a contract and does so with the authorization and consent of the Government, the contractor is immune from suit. *Robishaw Eng'g Inc. v. United States*, 891 F. Supp. 1134, 1140-41 (E.D. Va.,1995); *see also Sevenson Environmental Serv., Inc., v. Shaw Environmental, Inc.*, 477 F.3d 1361, 1364 (Fed. Cir. 2007) (recognizing that the scope of the immunity is a matter of contract interpretation). This "important immunity" exists because § 1498 takes away the patentee's right to bring an infringement action against a government contractor and substitutes an action for compensation against the Government. *Robishaw Eng'g Inc.*, 891 F. Supp. at 1140-41. Indeed, as the Supreme Court has recognized:

> The purpose of [the amending the statute to include contractors acting with authorization and consent] was to relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the government, and to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the [Court of Federal Claims] for the recovery of his reasonable and entire compensation for such use and manufacture. The word 'entire' emphasizes the exclusive and comprehensive character of the remedy provided.

*Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 343 (1928). And the protection afforded by the statute exists whether or not the patent owner is able to actually recover. *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060-61 (Fed. Cir. 1986) (finding authorization and

consent as to demonstration performed as prerequisite to obtaining a contract, without deciding whether plaintiff could bring a claim for such use under § 1498); *Robishaw Eng'g Inc.*, 891 F. Supp. at 1141 & n. 14 (noting that "there will often be a period – beginning with the contractor's bid for or performance under the government contract, and lasting until delivery under the contract – during which a patentee will have no remedy for the government contractor's use of its patent," but finding it unnecessary to determine whether the contractor could be liable if the goods are rejected by the Government).

Zoltek's motion simply fails to establish that the District Court would have jurisdiction. While Zoltek goes to great lengths to establish why venue is proper in the Northern District of Georgia, Pl. Mot. at 5, it fails to address how the District Court would have jurisdiction over a claim brought under § 1498 where the Government admittedly has granted authorization and consent. Accordingly, Zoltek has failed to demonstrate that transfer to the Northern District of Georgia is proper.

### B. TRANSFER WOULD NOT FURTHER THE "INTEREST OF JUSTICE"

The final requirement is that the transfer be in the "interest of justice." 28 U.S.C.§ 1631. Zoltek's motion to transfer fails to meet this requirement for at least two reasons.

First, the motion is futile. Once the action is transferred, Zoltek intends to move to substitute Lockheed Martin for the United States, and proceed against Lockheed Martin. But, as plaintiff already conceded in this action, Lockheed Martin was operating with the authorization and consent of the United States. *Zoltek III*, 51 Fed. Cl. at 832 n.15 ("The parties agree that Lockheed cannot be sued under 35 U.S.C. § 271 for infringement of the '162 Patent"). Thus,

Lockheed Martin has a complete defense to the alleged infringement. *TVI Energy*, 806 F.2d at 1061. And since the immunity afforded the Government contractor is designed to "relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the government," Zoltek's transferred claim ultimately must be dismissed. *Richmond Screw Anchor*, 275 U.S. at 343; *Robishaw Eng'g*, 891 F. Supp. at 1141. Given the futility of any possible transfer, the motion should be denied.

Second, the transfer would be unfair to Lockheed Martin Corporation. The gist of Zoltek's argument is that it seeks transfer of the § 1498 claim, after which it will amend the complaint to substitute Lockheed Martin as defendant, in lieu of the Government, and will substitute a wholly new claim under § 271, which proceeds on a theory which is barred in this court by Federal Circuit's ruling (importation of allegedly infringing fibers for use in the patented process), while preserving filing date for recovery purposes. Pl. Mot. at 4. In short, after the transfer, Zoltek intends to proceed against a new defendant on a new legal theory having a new statutory basis, but seeks to recover for period far in excess of the six years permitted by 35 U.S.C. § 286.

We fail to see how Zoltek's scheme would promote justice. Plaintiff's original 1996 Complaint against the United States under § 1498 certainly could not give Lockheed Martin fair notice that it may be a defendant 11 years later on a claim of infringement under § 271. Indeed, we see nothing that is fair about Zoltek's attempt to raise a new claim against a new defendant from the ashes of its original complaint.

## CONCLUSION

For the reasons stated above, Zoltek's motion to transfer its averments of infringement by the F-22 program to the District Court for the Northern District of Georgia must be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

*s/Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Department of Justice
Washington, D.C. 20530
Telephone: (202) 353-0517
Facsimile: (202) 307-0345

July 16, 2007