**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION, | ) | |
| | ) | Case No. 96-166 C |
| a Missouri corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Chief Judge Edward J. Damich |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ZOLTEK'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER IN PART**

## INTRODUCTION

The Government's opposition reflects its failure to appreciate the implications of its successful motion for partial summary judgment. Completely failing to address the facts Zoltek cites in support of the present motion, the Government instead rests its entire argument on the theory that *§ 1498 still applies*. With the Federal Circuit's decision and the Supreme Court's denial of *certiorari*, § 1498 is no longer applicable. Under the now controlling law of the case, brought into existence because of the Government's own motion for partial summary judgment, Zoltek is compelled to sue Lockheed as an infringer under 35 U.S.C. § 271.

In affirming this Court's earlier decision, the Federal Circuit held that Zoltek's claim against the Government "does not exist pursuant to § 1498(a)." The plain language of § 1498 (c) states that:

> The provisions of this section [§ 1498] *shall not apply to any claim* arising in a foreign country. (Emphasis added)

Lockheed's infringing activities, involving the importation of accused products produced by a process covered by one or more claims of Zoltek's patent, are no longer shielded from liability by the insulating provision of § 1498 since § 1498 does not apply. Simply stated, under the Federal Circuit's decision, the Government did not waive its sovereign immunity for the type of infringing activities engaged in by Lockheed. Under the Federal Circuit's interpretation of § 1498, this Court never had jurisdiction to hear the F-22 portion of Zoltek's claim. The District Court of Georgia does.

28 U.S.C. § 1631 addresses precisely this type of situation. That statute provides relief where a party brought a *bona fide* claim in accordance with what it understood to be the controlling statute (i.e. § 1498), but which, through court interpretation, no longer applies. Transferring the case to the Northern District of Georgia, Atlanta Division, and substituting Lockheed as the proper party fulfills the purpose of § 1631, and will insure that Zoltek has its day in court regarding its claim for infringement.

## I. THE FEDERAL CIRCUIT HELD ZOLTEK'S CLAIM AGAINST THE GOVERNMENT DOES NOT EXIST UNDER § 1498(a)

The *per curiam* opinion of the Court of Appeals for the Federal Circuit succinctly held as follows:

> This Court has held that "direct infringement under § 271(a) is a necessary predicate for Government liability under § 1498." [Case citations] We have further held that "a process cannot be used 'within' the United States as required by § 271(a) unless each of the steps is performed within this country." [Case citation] Consequently, where, as here, not all steps of the patented process have been performed in the United States, *government liability does not exist pursuant to § 1498(a). Zoltek Corporation v. The United States*, 442 F.3d 1345, 1350 (Fed. Cir. 2006). (Emphasis added)

By this interpretation of § 1498, the Federal Circuit effectively concluded that the Government did not waive its sovereign immunity for Lockheed's particular type of infringing activities regarding the importation of products made by a process covered by Zoltek's patent. Zoltek's claim against the Government regarding the F-22 Fighter Plane did not exist under § 1498, and this Court never had jurisdiction over Zoltek's claim.

Lockheed was not "using" Zoltek's process as that term has now been interpreted in § 1498(a). Rather, Lockheed was *importing* products made by Japanese manufacturers that used a process covered by Zoltek's patent. This infringing activity, defined in 35 U.S.C. § 271 (g), is not covered by the "manufacture or use" language of § 1498 (a). Consequently, the Government did not waive sovereign immunity, no substitution of parties (i.e. the Government for Lockheed) is permitted for liability purposes, and this Court never had jurisdiction.

Even though the language does not appear in § 1498(a), the Federal Circuit *held* that, in order for the Government to be liable under § 1498(a), every step of an accused process must be practiced "within the United States," incorporating language from 35 U.S.C. § 271(a). Under the now controlling law of this case, § 1498, including the provisions shielding government contractors from liability for patent infringement, does not govern Zoltek's claim against Lockheed in any respect.

## II. THE GOVERNMENT'S ENTIRE ARGUMENT RESTS ON THE PRESUMPTION THAT § 1498 STILL APPLIES

The Government argues repeatedly in its opposition that § 1631 does not apply because the terms and provisions of § 1498 still control. That is, because Lockheed performed the infringing activity at the behest and for the benefit of the Government,

Zoltek is barred from seeking relief against Lockheed because of the provisions of § 1498(a). (Opposing Memorandum "OM", p. 2-5). Without citing any authority, the Government makes the incredible argument that:

> Merely because Zoltek's case is barred by § 1498(c) does not mean that another court must have jurisdiction. As is the case here, *no court has jurisdiction*. (OM, p.4) (Emphasis added)

The Federal Circuit's *per curiam* decision initially sets forth the controlling standard re: waiver of sovereign immunity:

> The federal government is immune from any legal action by its sovereign immunity. [case citation and quotation]. The waiver of immunity can be limited and conditioned by the Congress. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992) (stating that the government's consent to be sued must be *strictly construed* in favor of the sovereign and *not enlarged beyond what the language requires)*. 442 F. 3d at 1349 (Emphasis added)

Because of the Government's successful motion for partial summary judgment, § 1498 in its entirety simply does not apply to Lockheed's particular infringing activities. The plain language of § 1498 (c) states:

> The provisions of this section [§ 1498] *shall not apply to any claim* arising in a foreign country. (Emphasis added)

Zoltek's claim for unlawful infringement of its patented process under 35 U.S.C. § 271 (g) will now be directed at Lockheed. The Government was successful in getting itself "off the hook." That does not mean that Lockheed gets a free ride for its infringing activities that are covered by 35 U.S.C. § 271 (g).

The Government goes on to cite several cases, including *Richmond Screw Anchor Co. v. U.S. , 275 U.S. 331, 343 (1928*), for the proposition that a patentee is barred from suing a contractor because the accused work performed by the contractor was done "with the authorization and consent of the Government." (OM, p.4). The case law cited by the

Government is simply inapplicable in light of the Federal Circuit's decision in this case. Again, as the Federal Circuit noted,

> Consequently, where, as here, not all steps of the patented process have been performed in the United States, government liability *does not exist pursuant to § 1498(a).* 442 F.3d at 1350 (emphasis added).

The fact that Lockheed's infringing activity may have been done "by or for the United States" meets only part of the requirements of § 1498 (a). Accused activities done "by or for the United States" is a necessary, but not a sufficient condition, for § 1498 (a) to apply. As the Government argued and this Court held, § 1498 was not amended to keep pace with the expansion of liability for patent infringement under § 271. Specifically, this Court stated:

> Because nothing in the legislative history indicates that Congress intended for the meaning and effect of section 1498 to change in congruence with changes in 35 U.S.C. § 271, the Court is constrained to hold that section 1498 *does not apply* to all forms of direct infringement as currently defined in 35 U.S.C. § 271. *Zoltek Corporation v. U.S.*, 51 Fed. Cl. 829, 837 (2002). (Emphasis added)

This Court's holding was expressly affirmed by the Federal Circuit. (442 F. 3d at 1350). Because waivers of sovereign immunity are "strictly construed" (443 F. 3d at 1349), the significance of the Federal Circuit's affirmation of this Court's interpretation of § 1498 is that the Government never waived its sovereign immunity for this particular accused infringing activity under § 1498 (a), and this Court never had jurisdiction over this claim. Lockheed now faces the liability that the Government successfully avoided.

Lastly, the Government argues that Zoltek's present motion to bring an action against Lockheed in the District Court of Georgia is "contrary to their [Zoltek's] position taken in this litigation," citing *Zoltek Corp. v. United States*, 51 Fed. Cl. 829, 832 n. 15 (2002). (OM, p.3). The Government argues that a transfer is:

now precluded since the parties and the Court have acknowledge[d] that the United States invoked its authorization and consent in the F-22 contract and therefore Lockeed Martin cannot be sued. (OM, p.3).

The Government, wanting to have it both ways, argues as if § 1498 were still controlling. It is not. Invoking authorization and consent is for the purpose of waiving sovereign immunity and providing an infringement shield. There is no statutory waiver of sovereign immunity for the accused infringing activity in this case. No "acknowledgement" by Zoltek can affect whether or not there has been a waiver of sovereign immunity. This Court held, and the Federal Circuit affirmed, that Government liability under § 1498 "does not exist" in view of the facts in this case. § 1498 does not apply to any claim "arising in foreign country" (§ 1498 (c)). Consequently, the requirement that Zoltek bring its infringement action in this Court against the Government rather than Lockheed has been found by the Federal Circuit not to exist. Any statement that Zoltek, the Government and/or this Court made to the contrary was done before the Federal Circuit's decision, and is no longer controlling.[1]

It is hornbook law that federal courts are courts of limited jurisdiction, and neither parties nor a court cannot stipulate to subject matter jurisdiction of a particular dispute, if that federal court has no statutory basis for exercising jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 96 S. Ct. 2413, 2420, 49 L. Ed. 2d 276 (1976); *United Pacific Ins. Co. v. Rocha*, 380 F. 3d 1352, 1356-57 (Fed. Cir. 2009); *Chertkov v. Office of Personnal Management,* 52 F. 3d 961, 966 (Fed. Cir. 1998); *Livingston v. Derwinski* 959 F. 2d 224, 225 (Fed. Cir. 1992). Under the Federal Circuit's decision, this Court had no subject matter jurisdiction under § 1498 to hear Zoltek's claim relating to the F-22 Fighter

[1] Lockheed and the Government can agree on issues of indemnification, if they so choose. Such an agreement will not prevent Zoltek from seeking all available remedies in the District Court against Lockheed, including enhanced damages for willful infringement.

Plane.[2] The fact that Lockheed performed its infringing activity at the behest of the Government is not sufficient to invoke the immunity provided by § 1498 (a). According to the law of the case, § 1498 does not shield Lockheed from liability because § 1498 was never applicable to Lockheed's accused infringing activities in this case.

Without citing any authority, the Government appears to be arguing that, because there is a "gap" in § 1498 that bars recovery from the Government under the particular facts of this case, Zoltek is precluded from *any remedy* for the infringing activity of Lockheed. That is simply not correct. The only "gap" that exists is that Lockheed will now not be shielded from its infringing activity because that activity was done "by or for the United States." [3]

The plain language of 28 U.S.C. § 1631 is expressly directed to the type of situation that the instant case presents. Having confronted an admitted statutory interpretation issue of first impression, the Federal Circuit found in favor of the Government and against Zoltek. Zoltek now seeks the remedy expressly provided under § 1631, i.e. to bring a case for patent infringement against Lockheed in the District Court of Georgia. 35 U.S.C. § 271(g) expressly covers the infringing activities Lockheed engaged in as the general contractor for the F-22 Fighter Plane. Zoltek is entitled to have its day in court.

---

[2] The Government's Motion for Partial Summary Judgment on this issue was specifically directed to lack of subject matter jurisdiction, (i.e. no claim under § 1498 existed) (Docket # 167)

[3] This Court has noted that a legislation gap exists, and that it is for Congress to fix. 51 Fed. Cl. at 837-38. This is the same position the Government took in opposing Zoltek's petition for *certiorari*.

## III. TRANSFER WILL CLEARLY SERVE THE INTEREST OF JUSTICE

The Government presents two arguments to support its position that transfer will not serve the "interest of justice." Both arguments are without merit.

The Government's first argument is that Zoltek's motion is futile because "Lockheed Martin has a complete defense to the alleged infringement, i.e. that Lockheed was operating with the authorization and consent of the United States." (OM, p. 5-6).

The Government's first argument repeats the errors identified above. Any immunity extended by the Government for Lockheed's infringing activities is circumscribed by the waiver of sovereign immunity provisions of § 1498. That section does not apply to the facts in this case, as held by this Court (51 Fed. Cl. at 837) and affirmed by the Federal Circuit (442 F. 3d at 1350). Consequently, Lockheed not only has no "complete defense to the alleged infringement," it has no defense available to it at all under § 1498. The Government continues to misunderstand the consequences of its success.

The Government's second argument is that transfer would be unfair to Lockheed because, after Zoltek moves to substitute Lockheed in the District Court of Georgia, Lockheed will be faced with a "wholly new claim under § 271," which will preserve Zoltek's original filing date for recovery purposes. (OM, p.6)

It was the Government which initiated the motion for partial summary judgment regarding the F-22 Fighter Plane in this case. No credit should be given to the Government's argument that it is unfair to Lockheed because of the action which the Government itself took. Any "unfairness" to Lockheed stems directly from the Government's own activity. This objection is frivolous.

Lockheed was well aware of the existence of this case early on. Lockheed provided substantial document discovery in 1997, approximately one year after the case was filed. Additionally, Zoltek had been in contact with Lockheed's counsel to schedule depositions in this case. There is no reason to presume that Lockheed was not fully aware of the consequences of the Government's motion for partial summary judgment when it was filed in June 2001.

## CONCLUSIONS

28 U.S.C. § 1631 is provided expressly for situations such as the present case. To deny Zoltek the right to proceed with its patent infringement lawsuit against Lockheed, while the Government avoids liability, would be directly contrary to the express purpose of the statute and the case law that has interpreted it.

The facts in the present case meet the case law requirements of the Court for transfer. First, because the Federal Circuit has affirmed this Court's holding that § 1498 (a) did not waive the Government's sovereign immunity for Lockheed's infringing importation activities, there is no question now that Zoltek could have brought the cause of action against Lockheed in the District Court of Georgia. Second, it is clearly in the interest of justice to transfer the case, and let Zoltek have its day in Court. *Edelmann v. United States, 76 Fed. Cl. 376, 384 (2007).*

For the above stated reasons, Zoltek respectfully moves this Court to grant its motion to transfer that portion of the case pertaining to allegations of infringement regarding the F-22 Fighter Plane to the District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

Date: July 30, 2007

By: /s / Dean A. Monco

Dean A. Monco
John S. Mortimer
Wood Phillips
500 W. Madison Street
Suite 3800
Chicago, IL 60661
*Attorneys for Zoltek Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing documents entitled

**ZOLTEK'S REPLY BRIEF IN SUPPORT OF IT'S MOTION TO TRANSFER IN PART**

was filed *electronically* on this 30th day of July, 2007, which provides for electronic service to the following:

Gary L. Hausken, Esq.
United States Department of Justice
Commercial Litigation Branch – Civil Division
1100 L Street, N.W.
Room 11114
Washington, D.C. 20005

/s/ Dean A. Monco
Dean A. Monco
WOOD, PHILLIPS, KATZ
CLARK & MORTIMER
500 West Madison Street
Suite 3800
Chicago, Illinois 60661
Telephone: (312) 876-1800
Fax: (312) 876-2020