**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ZOLTEK CORPORATION, a Missouri corporation, Plaintiff | ) | Case No. 96-166 C |
| v. | ) | Chief Judge Edward J. Damich |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**ZOLTEK'S UPDATED STATUS REPORT SUBMITTED IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 11, 2007**

In accordance with the Court's Order of September 11, 2007, Plaintiff Zoltek Corporation ("Zoltek") respectfully submits this updated status report regarding Defendant's Motion for Summary Judgment of Obviousness, filed under seal on September 4, 2007.

Having completed its initial review of the Government's Motion for Summary Judgment That Claims 1-22 and 33-38 of Zoltek's U.S. Patent No. Re 34,162 Are Obvious, Zoltek respectfully requests that the Court defer consideration of any additional discovery Zoltek might require to respond to the Government's motion, in view of the substantial questions of equity raised by the Government's motion.

In short, Zoltek submits that the Government's invocation of the state secret privilege, filed May 15, 2007 (Docket #339), effectively acts as a legal barrier preventing Zoltek from fully defending against the Government's pending motion. As noted in the

Government's own motion, if a *prima facie* case of obviousness is made out, the Court may still look to secondary indicia of nonobviousness to find a patent valid. The factors include: (1) *commercial success related to the invention*; (2) *long-felt but unresolved need*; (3) *failures of others*; (4) *skepticism or disbelief before the invention*; (5) *copying or praise of the claimed combination*; and (6) *unexpected results*. *Graham v. John Deere Co.,* 383 U.S. 1, 14 (1966); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.,* 229 F.3d 1120, 129 (Fed. Cir. 2000). (Government's Motion, p. 3-4). (Emphasis added). This evidence is "secondary" in time, not in importance. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987). "Indeed, evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not." *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1538-39 (Fed. Cir. 1983). The thrust of the Government's motion is that it would have been obvious to a person of ordinary skill in the art to combine multiple references to arrive at Zoltek's patented method of producing sheets/mats/coatings. The Government has the burden of proving invalidity by clear and convincing evidence.

Exhibit 1 (Attached) is a letter dated August 6, 1987 from George Rodgers at Northrop Corporation Advance Systems Division ("Northrop") to Jerry Fleming, President of Stackpole Fibers Co., the predecessor in interest to Zoltek's '162 patent-in-suit.[1-2]

The text of the letter reads as follows:

---

[1] Submitted by Stackpole Fibers Co. to the U.S. Patent and Trademark Office during prosecution of Zoltek's U.S. Patent No. 4,728,395, the parent of the '162 patent-in-suit, to support the patentability of pending claims.

[2] Submitted as Exhibit 1 to Zoltek's previous Status Report filed September 7, 2007.

> In December 1983, the Materials & Processes Department of Northrop Advanced Systems Division ordered four rolls of carbon fiber paper from Stackpole Fibers Co. The product was *unique* in that the carbon fibers were not fully carbonized, increasing the volume resistivity of the fiber which in turn increases the surface resistivity of the paper. Northrop purchased four different levels of resistivity ranging from 24 to 3000 ohms/square. *At the time the order was placed, Northrop Materials & Processes had never seen a material of this type before and was not aware of any other company that could supply material in this form with varying electrical properties.* (Emphasis added)

This document on its face is compelling evidence of the non-obviousness/patentability of the claims in the Zoltek patent-in-suit. If the state secret privilege were not involved, Zoltek would depose Mr. Rodgers, and possibly others at Northrop Materials and Processing Department, regarding the underlying basis for his letter, and thereby more clearly establish the validity of the claims of Zoltek's patent-in-suit. The Government's invocation of the state secret privilege has precluded this additional important discovery. If the Government's motion is permitted to go forward, Zoltek will be forced to respond while the Government has essentially cut off meaningful discovery through the invocation of the state secret privilege. Such a procedure would deprive Zoltek of its basic due process rights.

It is a fundamental precept of law that a privilege may not be used offensively as a sword to prevent a party from fully responding to a criminal complaint, civil lawsuit, motion or defense, brought by the party asserting the privilege. *See United States v. Reynolds*, 345 U.S. 1, 12, 73 S. Ct. 528, 534, 97 L. Ed. 727 (1953) (In criminal cases, the Government would not be permitted to invoke the state secret privilege to deprive a defendant of anything material to his defense); *United States v. Rylander*, 460 U.S. 752, 758, 103 S. Ct. 1548, 1553 (1983) (party asserting [the compulsory self incriminating] privilege cannot use privilege as a sword to avoid presenting proof in support of a burden which is his); *In re: Echostar Communications Corporation*, 448 F.3d 1294, 1301 (Fed.

Cir. 2006) (selective waiver of attorney-client privilege resulting in use as both a sword and a shield is an abuse, and will result in a waiver of all related communications); *In re: Rhone-Poulenc Rorer, Inc.*, 185 F.3d 879 (Fed. Cir. 1998) (unpublished opinion), quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991) ("A defendant may not use the [attorney-client] privilege to prejudice his opponent's case or to disclose some selected communications for self serving purposes."); *Apex Corporation v. United States,* 207 Ct. Cl. 1014 (Ct. Cl. 1975) (using attorney-client privilege as both a sword and a shield to prevent disclosure of communications which are the essence of the controversy and essential to defense is "impermissable".).

While Zoltek is of the opinion that the prior art cited by the Government in its motion is no better than the prior art cited during the prosecution of the '162 patent and its parent patent, that no *prima facie* case of obviousness has been made, and that Zoltek could successfully defend against the Government's motion for summary judgment on the available record to date, Zoltek nevertheless should not be compelled to defend its patent against an invalidity claim with less than the full complement of evidence it would obtain through normal discovery. *Kansas Jack, Inc. v. Kuhn*, 719 F.2d 1144, 1150 (Fed. Cir. 1983) ("[The Court] complied with the basic requirement that *all* evidence touching the obvious-nonobvious issue will be fully considered before a conclusion is reached on that issue.") (Emphasis, the Court's). The Government, as the moving party, should not be permitted to capitalize on its assertion of the state secret privilege to the detriment of Zoltek.

For these reasons, Zoltek requests that the issue of any additional discovery Zoltek may require to rebut the motion for summary judgment be deferred until the equitable issues set forth in this status report are fully considered. At the status

conference, Zoltek will request that the Government to voluntarily withdraw the motion for summary judgment. If it fails to do so, Zoltek will seek leave of Court to file a motion to strike the Government's motion for summary judgment in light of the substantial equitable issues raised herein.

Respectfully submitted,

Date: September 14, 2007

By: /s / Dean A. Monco
Dean A. Monco
John S. Mortimer
Wood Phillips
500 W. Madison Street
Suite 3800
Chicago, IL 60661
*Attorneys for Zoltek Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing documents entitled

**ZOLTEK'S UPDATED STATUS REPORT SUBMITTED IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 11, 2007**

was filed *electronically* on this 14th day of September, 2007, which provides for electronic service to the following:

Gary L. Hausken, Esq.
United States Department of Justice
Commercial Litigation Branch – Civil Division
1100 L Street, N.W.
Room 11114
Washington, D.C. 20005

/s/ Dean A. Monco
Dean A. Monco
WOOD, PHILLIPS, KATZ
CLARK & MORTIMER
500 West Madison Street
Suite 3800
Chicago, Illinois 60661
Telephone: (312) 876-1800
Fax: (312) 876-2020