# In the United States Court of Federal Claims

No. 96-166C
(Filed: October 19, 2007)

| | |
|---|---|
| ***************************************** | |
| | * |
| **ZOLTEK CORPORATION** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ***************************************** | |

## ORDER

On October 2, 2007, a status conference was held during which the parties discussed the fairness of permitting the Government to assert the state secrets privilege to deny access to evidence of secondary considerations of non-obviousness while simultaneously permitting the Government to bring a motion for summary judgment of invalidity based on obviousness. The Court will entertain a motion from Plaintiff to strike the Government's motion for summary judgment, as long as it is based on the following "Existing Determinations" and as long as it addresses the following "Issues To Be Briefed." Other relevant issues may also be approved for briefing during or pursuant to the status conference to be held as specified below in this order.

EXISTING DETERMINATIONS

1. The Government has properly invoked the state secrets privilege according to the procedural requirements set forth in *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953).

2. The Court has determined that the Government demonstrated the existence of a reasonable danger from disclosure of the withheld information, balanced that danger against Plaintiff's need for the information, and reviewed declarations from Government officials *in camera*. Based on the review, the Court has upheld the Government's invocation of the state secrets privilege. Therefore, arguments solely concerning Plaintiff's need for information or the potential danger of disclosing such information are no longer pertinent. *See Ellsberg v. Mitchell*, 709 F.2d 51, 58-59 (D.C. Cir. 1982).

3. During the status conference, Plaintiff's counsel stipulated that waiver of the state secrets privilege will not be an issue in the motion to strike the Government's motion for summary judgment.

ISSUES TO BE BRIEFED

1. Where the Government is a defendant in a patent infringement suit, can the Government file a motion challenging the validity of the plaintiff's patent when the plaintiff asserts that it cannot adequately oppose the motion without the ability to discover information withheld from it on the basis of a proper assertion of the state secrets privilege?

   a. Why would the rule concerning the invocation of the state secrets privilege in criminal proceedings, e.g. as discussed in *Reynolds,* 345 U.S. at 12, apply in a civil suit where the government is bringing an "offensive" motion?[1]

   b. If information withheld under the state secrets privilege would constitute a complete or "valid" defense, cases like *Tenenbaum v. Simonini*, 372 F.3d 776, 777 (6th Cir. 2004) and *In re United States*, 872 F.2d 472, 477 (D.C. Cir. 1989) suggest that dismissal of a suit is appropriate. What should be the result if the withheld information were merely supportive of a defense, rather than constituting a complete defense? Would it make a difference if the defending party could raise at least some kind of defense without the withheld information? What if the "defense" were an opposition to an "offensive" motion?

2. Does the scope of the Government's assertion of the state secrets privilege in this case necessarily also cover all evidence of secondary considerations?

   a. In the context of the motion that Plaintiff wants the Court to strike in this case, is it appropriate for the Court to examine the propriety of the invocation of the state secrets privilege on an item-by-item basis to determine whether evidence of secondary considerations of non-obviousness is being improperly withheld? *See In re United States*, 872 F.2d at 478-79.

   b. In the context of Plaintiff's motion to strike in this case, why would discovery other than depositions, such as interrogatories, not be adequate for the Plaintiff to discover evidence of secondary considerations of non-obviousness? Would the

[1] By the term "offensive motion," the Court is referring to motions which, if granted, would defeat or extinguish a property right of the non-moving party. For example, a motion for summary judgment of patent invalidity could result in loss of patent rights. In other words, an "offensive motion" is one which would cause more prejudice to a non-moving party than simply dismissal of its cause.

Government likely decline to answer each interrogatory based on the state secrets privilege?

3. Can the Court rule on obviousness without hearing all evidence of secondary considerations?

   a. In this case, does Plaintiff have any other evidence of secondary considerations of non-obviousness?

   b. How can a party opposing a motion for summary judgement of invalidity prove that a genuine issue of material fact exists where such opposing party is not aware of all of the facts because some are being withheld by the moving party because of a proper assertion of the state secrets privilege?

   c. If a patent's validity is challenged on the basis of obviousness, can a court examine privileged information pertaining to secondary considerations of non-obviousness *in camera* in order to determine whether a genuine issue of material fact exists as to obviousness?

4. Explain the relevance of RCFC 56(f) in a situation where a broad assertion of the state secrets privilege has been made.

A telephonic status conference shall be held on **Thursday, October 25, 2007, at 3:00pm** Eastern Time to further discuss the motion to strike the Government's motion for summary judgment and to determine deadlines. One business day before the conference, counsel shall email chambers (damich_chambers@ao.uscourts.gov) or call Ms. Ellan Jackson at (202) 357-6483 to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names and affiliations). The conference will be on the record via audio-recording, unless either party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge