## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ZOLTEK CORPORATION**,<br>a Missouri corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA** and<br>**LOCKHEED MARTIN CORPORATION**,<br><br>　　　　　Defendants. | Case No. 96-166 C<br><br>Chief Judge Edward J. Damich |

## THIRD AMENDED COMPLAINT

Plaintiff, ZOLTEK CORPORATION ("Zoltek") makes the following allegations in support of its claim for relief:[1]

### I. THE PLAINTIFF

1. ZOLTEK is a corporation organized under the laws of the State of Missouri and has its principal place of business at 3101 McElvy Road, St. Louis, Missouri 63044.

### II. THE DEFENDANTS

2. Defendant, the UNITED STATES OF AMERICA ("U.S." or "Government") is the sovereign entity for whom the products made by the accused processes were manufactured and imported, and to whom the products were sold.

3. Defendant, LOCKHEED MARTIN CORPORATION ("Lockheed") is a corporation organized under the laws of the State of Maryland and has a principal place of business at 86 South Cobb Drive, Marietta, Georgia 30063.

---

[1] This Third Amended Complaint is filed in accordance with the Court's Orders of January 23, 2009 (Doc. #369) and February 3, 2009 (Doc. #371).

### III. JURISDICTION AND VENUE – U.S.

4.The United States Court Of Federal Claims has subject matter jurisdiction over Zoltek's claims against the U.S. pursuant to 28 U.S.C. §1498(a) because a product described in and covered by a patent of the United States has been and is being imported into, used and/or manufactured by or for the United States without license from Zoltek or lawful right to make, have made, use, sell, offer to sell, or import the same.

5.Venue is proper in this judicial district under 28 U.S.C. § 1498.

### IV. JURISDICTION AND VENUE – LOCKHEED

6.The District Court for the Northern District of Georgia has subject matter jurisdiction over Zoltek's claims against Lockheed pursuant to 28 U.S.C. §§1331, 1332(a) and 1338(a) because a product produced by Zoltek's patented process has been imported into the United States by or for Lockheed, without license from Zoltek or other lawful right to make, have made, use, sell, offer to sell or import the same.

7.The District Court for the Northern District of Georgia has personal jurisdiction over Lockheed because Lockheed has maintained a regular and established place of business, and has transacted business, in the Northern District of Georgia, at all times relevant to this suit.

8.Venue is proper in the Northern District of Georgia under 28 U.S.C. §§1391(b) and 1400(b).

### V. FACTUAL BACKGROUD – CLAIMS AGAINST U.S.

9.On January 19, 1993, U.S. Patent No. Re. 34,162 ("the '162 Patent") was duly and legally issued on an invention by George P. Boyd, Jr.  A copy of the '162 Patent is attached hereto as Exhibit A.

10.Zoltek, at all times relevant to these claims, has been the owner of all right, title,

and interest in and to the '162 Patent.

11.     The '162 Patent is directed to (1) a method of manufacturing a carbon fiber product; (2) a carbon fiber product; and (3) a carbon fiber product made by a particular process. The patented invention can be used for national military defense and non-defense purposes.

12.     On information and belief, Defendant, the U.S., generally through the actions of the Department of Defense, and specifically through the actions of at least the Departments of the Air Force and/or the Navy, is causing or has caused, within the six years preceding the filing of the Original Complaint in this action on March 25, 1996, the manufacture of carbon fiber products by processes as claimed in the '162 Patent, and/or is causing or has caused, the manufacture of carbon fiber products through processes that are equivalent to what is claimed in the '162 Patent, which products are incorporated into various weapons systems including at least, among other weapons systems, the B-2 Stealth Bomber.

13.     Zoltek is not asserting claims 23-32, 39 and 40 against the U.S. in this Action.

## VI. FACTUAL BACKGROUD – CLAIMS AGAINST LOCKHEED

14.     Zoltek realleges and incorporates herein the factual statements set forth in paragraphs 9-11, supra.

15.     On information and belief, Defendant Lockheed is causing or has caused, within six years preceding the filing of the Original Complaint in this action on March 25, 1996, the importation from outside the United State of products such as sheets/mats/coatings made from carbonizable starting material such as polyacrylonitrile ("PAN") and/or silicon carbide fibers, manufactured by processes claimed in the '162 Patent or through processes equivalent to that claimed in the '162 Patent, which products are incorporated into various weapons systems

including at least, among other weapon systems, the F-22 Fighter Plane, which have been sold to the Defendant U.S.

16. Zoltek is not asserting claims 23-32, 39 and 40 against Lockheed in this Action.

## VII. COUNT I – 28 U.S.C. §1498(a)

17. ZOLTEK realleges and incorporates herein the allegations set forth in paragraphs 1-11, supra.

18. The U.S. has, without license or lawful right, taken, used or manufactured, and/or directed the use or manufacture of products produced in accordance with the method disclosed and claimed in the '162 Patent, or by a method equivalent thereto.

19. Such actions by the U.S. constitute a violation of one or more provisions of 28 U.S.C. §1498(a).

## VIII. COUNT II – INFRINGEMENT UNDER 35 U.S.C. §271(g)

20. ZOLTEK realleges and incorporates herein the allegations set forth in paragraphs 1-11 and 14-15, supra.

21. Upon information and belief, Lockheed has unlawfully imported products that have been made by processes, practiced in whole or in part outside of the United States, that are covered by one or more claims in the '162 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. §271(g).

22. Zoltek has suffered damages as the direct and proximate result of Lockheed's infringement of the '162 Patent for which Zoltek is entitled to relief under 35 U.S.C. §284.

## IX. AMOUNT AND MEASURE OF REASONABLE COMPENSATION – U.S.

23. The exact amount of the reasonable and entire compensation due Zoltek under 28 U.S.C. §1498(a) from Defendant, the U.S., for such taking and infringement of the '162 Patent,

is not known to Zoltek at this time, and cannot be definitively stated until Zoltek has been provided with necessary data in the possession of Defendant, the U.S. and its contractors, for determining the amount of compensation due Zoltek for the unlicensed taking and infringement of the '162 Patent.

### X. AMOUNT AND MEASURE OF REASONABLE DAMAGES FROM LOCKHEED

24.     The exact amount of damages due Zoltek under 28 U.S.C. §284 from Defendant, Lockheed, for such infringement of the '162 Patent, is not known to Zoltek at this time, and cannot be definitively stated until Zoltek has been provided with necessary data in the possession of Defendant, Lockheed, for determining the amount of damages due Zoltek for Lockheed's infringement of the '162 Patent.

### PRAYER FOR JUDGMENT

**WHEREFORE**, with respect to the U.S., Zoltek prays judgment that:

A.     U.S. Patent No. Re. 34,162 is valid, and the invention claimed therein has been taken and used by or for the United States without license or lawful rights;

B.     Zoltek be awarded the just, reasonable and entire compensation from the U.S. for such taking and infringement, including any delayed compensation and prejudgment interest that may be due;

C.     Zoltek be awarded its costs incurred in this suit, including reasonable attorneys fees from the U.S.; and

D.     Zoltek be awarded such other and further relief as the Court may deem just and proper.

**WHEREFORE**, with respect to Lockheed, Zoltek prays judgment that:

E.     Lockheed has infringed the '162 Patent;

    F.    Judgment be entered against Lockheed on all claims asserted herein;

    G.    Zoltek be awarded damages for Lockheed's infringement of the '162 Patent, together with prejudgment interest and costs, pursuant to 35 U.S.C. §284; and

    H.    Zoltek be awarded such other and further relief as the Court may deem just and proper;

    Respectfully submitted,

/s/ Dean A. Monco
Dean A. Monco, Esq. Attorney of Record
John S. Mortimer, Esq.
WOOD, PHILLIPS, KATZ,
    CLARK & MORTIMER
500 West Madison Street - Suite 3800
Chicago, Illinois 60661-2511
Phone:  (312) 876-1800
Fax:    (312) 876-2020

*Attorneys for Plaintiff*
*ZOLTEK CORPORATION*

Of Counsel:

Garry S. Grossman
McCarthy, Sweeney & Harkaway, P.C.
2175 K Street, N.W.
Suite 600
Washington, D.C. 20037
Phone:  (202) 775-5560

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document entitled

**THIRD AMENDED COMPLAINT**

was filed *electronically* on this 6th day of February, 2009, which provides for electronic service to the following:

>Gary L. Hausken, Esq.
>United States Department of Justice
>Commercial Litigation Branch – Civil Division
>1100 L Street, N.W.
>Room 11114
>Washington, D.C. 20005

>/s/     Dean A. Monco
>Dean A. Monco
>WOOD, PHILLIPS, KATZ
> CLARK & MORTIMER
>500 West Madison Street
>Suite 3800
>Chicago, Illinois 60661
>Telephone:     (312) 876-1800
>Fax:               (312) 876-2020