# In the United States Court of Federal Claims

No. 96-166 C
(Filed: May 13, 2009)

```
*********************************
                                  *
ZOLTEK CORPORATION,               *
                                  *
              Plaintiff,          *
                                  *
       v.                         *
                                  *
THE UNITED STATES, and            *
                                  *
LOCKHEED MARTIN                   *
CORPORATION,                      *
                                  *
              Defendants.         *
                                  *
*********************************
```

## ORDER

On April 3, 2009, a motion by Lockheed Martin was filed seeking an amendment to the Court's February 18, 2009 transfer order to certify the order for interlocutory appeal. The transfer order, which has since been stayed, instructed the Clerk to transfer Zoltek's claim that Lockheed's F-22 Fighter plane infringes Zoltek's patent to the U.S. District Court for the Northern District of Georgia. In its motion to certify the transfer order, Lockheed essentially is arguing that the order presents a controlling issue of law, with respect to which there is a substantial ground for difference of opinion, because government contractors have not previously been subjected to liability for patent infringement stemming from their work for the Government under the law in existence since 1918.

Zoltek filed a response brief in opposition to Lockheed's motion on April 24, 2008, noting that the same argument Lockheed raises now has already been considered by the Federal Circuit (it was presented in a dissenting opinion from the Federal Circuit's 2006 decision in this case), so no real ground for difference of opinion can exist as to whether 28 U.S.C. § 1498 immunizes a government contractor such as Lockheed from patent infringement liability under circumstances such as presented by this case. Zoltek also pointed out that an interlocutory appeal would not materially advance the progress of *this* case, since the remaining count in Zoltek's complaint concerns a different contractor and a different accused device.

In its reply brief, Lockheed contends that the Federal Circuit's *per curiam* decision did specifically hold that § 1498 is inapplicable in its entirety and contends that, therefore, § 1498 can be susceptible to an interpretation under which "the immunity provided to the Government's

contractors is absolute when acting with the 'authorization or consent' of the Government." Lockheed notes that there are substantial grounds for differences in opinion over how § 1498(a) should be interpreted with respect to the particular type of claim at issue in this case and in light of the operation of § 1498(c), as evidenced by the fact that the Federal Circuit's 2006 *per curiam* opinion generated two concurrences and a dissent, while failing to address § 1498(c) at all.

The Court agrees that a decision by the Federal Circuit on the proper interpretation of § 1498(a) and § 1498(c) under the circumstances of this case would resolve substantial differences of opinion on that issue and would probably resolve related questions for similarly situated government contractors and contracting officers. And, while the Court agrees with Zoltek that an interlocutory appeal here might not substantially affect the progress of this particular case, it would save substantial judicial resources to permit the appeal now, as both parties would eventually undoubtedly appeal any decision of the Northern District of Georgia on the issue of § 1498 anyway. The Court therefore GRANTS Lockheed's motion. The Court will re-issue its transfer order with the language requested by Lockheed. Actual transfer of Zoltek's count will remain stayed, pending resolution of Lockheed's appeal.

                                               s/ Edward J. Damich
                                               EDWARD J. DAMICH
                                               Judge