# In the United States Court of Federal Claims

No. 96-166 C
(Originally Filed: February 18, 2009)
(Reissued with Amendment: May 14, 2009)

```
*********************************
                                 *
ZOLTEK CORPORATION,              *
                                 *
             Plaintiff,          *
                                 *
        v.                       *
                                 *
THE UNITED STATES, and           *
                                 *
LOCKHEED MARTIN                  *
CORPORATION,                     *
                                 *
             Defendants.         *
                                 *
*********************************
```

## ORDER

In response to a motion by Zoltek to transfer a portion of its case to the U.S. District Court for the Northern District of Georgia, the Court issued an opinion on January 16, 2009, in which it granted Zoltek leave to file a proposed amended complaint to assert a claim against Lockheed Martin Corporation over which the Northern District of Georgia would have had jurisdiction. The Court stated that "once Zoltek submits an amended complaint, phrased consistently with the principles discussed in this opinion, the Court will grant Zoltek's motion to transfer."

Zoltek filed a Third Amended Complaint on February 6, 2009, that included allegations against Lockheed in a new count 2. The Court finds that Zoltek's new count 2 is adequately consistent with the Court's discussion in the opinion of January 16.

Accordingly, Zoltek's motion to transfer is hereby GRANTED. Pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer count 2 of Zoltek's Third Amended Complaint to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

      The issue of whether 28 U.S.C. § 1498(c) must be construed to nullify any government contractor immunity provided in § 1498(a) when a patent infringement claim "aris[es] in a foreign country" presents a controlling question of law with respect to which there is a substantial ground for difference of opinion. Pursuant to 28 U.S.C. § 1292(d), an immediate appeal from this order may materially advance the ultimate termination of this litigation.

                                         s/ Edward J. Damich
                                         EDWARD J. DAMICH
                                         Judge